*75
 
 Battle, J.
 

 The allegations of the bill are unquestionably sufficient to entitle the plaintiff to a divorce from bed and board under the 3d section of the 39th chapter of the Eev. Code. Acts of such indignity to her person as are well calculated “ to render her condition intolerable, or her life burdensome,” are therein stated with distinctness and certainty, and she has set forth a case which clearly entitles her to relief, unless the objections, or some of them, urged on the part of the defendant, can avail to prevent it.
 

 The question now before us, is whether the plaintiff has a right to the alimony
 
 pendente
 
 lite, under an order made in her behalf by the Court below. The counsel for the defendant objects that she has not:
 

 First, because the order was made before the defendant had appeared, or an
 
 alias
 
 had been issued and returned according to the provisions of the 6th section of the act above referred to.
 

 Secondly.
 
 Because no affidavits as to the value of the property, &c., had been taken and submitted to the Court; and
 

 Thirdly.
 
 Because it was not stated in the petition that the facts upon which the application for relief is founded, had existed six months before it was filed.
 

 The first objection is raised upon the language of the sixth section of the act, in which is contained the provision for the service of process. That section enacts that a subpoena shall be issued and served upon the defendant; and though it may be properly served, if he do not thereupon appear, an alias subpoena shall issue and be served in the same manner, before the court can proceed to determine the cause. Upon this, the counsel for the defendant argues that the first service of process upon him, does not constitute the cause in court, as to him, if he do not appear, and that, consequently the order for alimony
 
 pendente
 
 lite, was premature. In this view of the case, we do not concur. It is true, indeed, that the court cannot proceed to determine the cause until an
 
 alias subpoena
 
 has been issued and served, or some other steps have been taken to make the defendant a party when he cannot be found, but
 
 *76
 
 it is expressly declared, in the same.section, that “in the mean time such preparatory rules and orders in the cause may be made as shall be necessary to prepare it for trial.” To some purposes, then, the cause is constituted in court after the service of the first process, and sufficiently so, as we think, to bring it within the operation of the 15th section, which authorises the Court, in its discretion, “at any time ponding the suit,” to decree a reasonable alimony for the petitioner and her family. It would, undoubtedly, be against the whole object and spirit of this section of the act, to allow the defendant to deprive the petitioner of the means of subsistence for six months, by refusing, or neglecting, to appear upon the service of the first process.
 

 The second objection is clearly untenable. The bill sets forth the amount of the property owned by the defendant, and of what kind it consists, and the affidavit of the petitioner annexed thereto, affords the Court sufficient information to enable it to act understandingly in decreeing “such reasonable alimony for the support and sustenance of the petitioner aud her family, as shall seem just, under all the circumstances of the case.” It may be, that the Court would hear affidavits offered on the part of the defendant, to show that the value of his estate had been misrepresented; but, surely, in the absence of any such information afforded by him, the Court ought not to hesitate to act upon that given by the petitioner, in her bill.
 

 We think that the third objection has as little to support it as the second. The act certainly requires that in ordinary cases, the facts, upon which the petitioner founds her claim to relief, shall have existed, to her knowledge, at least six months prior to the filing of the petition; aud the 7th section expressly enacts that she shall so state and swear. But the 8th section makes an exception to this, whenever “the husband is then removing, or about to remove, his effects from the State.” In such a case, the wife may' exhibit her petition at any time, and if she shall state and swear “that she doth verily believe that she is entitled to alimony', and that by delaying her suit, she will be disappointed of the same, by' the removal of her
 
 *77
 
 husband’s property and effects out of the State,” any Judge “may thereupon make an order of sequestration, or otherwise, as the purposes of justice may seem to require.” The present petition was filed under the authority of this section, and the case stated by the petitioner, clearly entitles her to its benefit. There is nothing in this, or any other section of the act which indicates a necessity that she should file another bill, or a supplemental bill, after the expiration of six months from the time when the facts which entitled her to relief, occurred.
 

 The interlocutory order, from which the appeal is taken, must be affirmed, and this must be certified to the Court below, as the law directs.
 

 Per Curiam. Decree accordingly.