Action to obtain a divorce from bed and board, instituted by the wife against the husband, heard on motion for alimony pendente lite. (231) The court having duly considered the case on the complaint properly verified, with affidavits supplementary thereto, and a verified answer used as an affidavit by defendant, made full and extended *Page 185 
findings of fact sufficient to sustain an order for alimony and to justify a divorce a mensa if established at the hearing, and thereupon made an order allowing alimony pendente lite, and defendant excepted and appealed.
After stating the case: It was chiefly objected to the validity of his Honor's order, "that it was based mainly upon illegal evidence, in that the court considered alleged facts within six months of the institution of the suit." In our view, there are facts found by his Honor anterior to the six months and on relevant testimony amply sufficient to justify the order allowing plaintiff alimony; but, apart from this, the ordinary jurisdictional affidavit of plaintiff annexed to the complaint contains the additional averment, "that plaintiff is informed and believes that defendant is attempting and about to remove from the State, and is about to dispose of his property and move the same from the State, whereby plaintiff may be disappointed of her alimony," and under our statute, Revisal, secs. 1562, 1563, 1566, and authoritative interpretations of it as in Scoggins v. Scoggins, 80 N.C. 319; s. c.,85 N.C. 384; Gaylord p. Gaylord, 57 N.C. 74, where this is made to appear and the judge finds the facts to be true and sufficient to entitle plaintiff to divorce if established at the trial, the action may be instituted and an order for alimony properly made before the six months have elapsed. In Scoggins' case, 85 N.C. supra, the judgment quotes with approval from Gaylord's case as follows: "The act certainly requires that in ordinary cases the facts upon which the petitioner founds her claim to relief shall have existed to her knowledge at least six months prior to the filing of the petition, and the seventh section of the act expressly enacts that she shall so state and swear. But the eighth section makes an exception to this, whenever `the husband is then removing or about to remove his effects from the State.' In such a (232) case the wife may exhibit her petition at any time, and if she shall state and swear `that she doth verily believe that she is entitled to alimony, and that by delaying her suit she will be disappointed of the same, by the removal of her husband's property and effects from the State,' any judge may thereupon make an order of sequestration or otherwise as the purposes of justice may seem to require." And in the conclusion of the opinion the judge adds: "There is nothing in this or any other section of the act which indicates a necessity that she should file another bill or a supplemental bill, after the expiration of six months from the time when the facts which entitle her to relief occurred." *Page 186 
Defendant contends, also, that this additional allegation referred to is insufficient because made upon information and belief, and, further, because the same is too general in its terms, and should set out the facts upon which plaintiff's belief could properly be made to rest. Neither of these objections may be sustained. It is a general rule of pleadings, and one particularly insistent in divorce causes, that when a litigant is required to make averment or answer under oath as to facts necessarily or naturally within their personal knowledge, they should do so in positive terms. Avery v. Stewart, 136 N.C. 432-433. But the principle does not apply to an allegation of this character. Under the facts shown forth in evidence, this plaintiff would not likely have opportunity to know of her husband's plans and purposes as to a removal of his property, and her allegations concerning it are almost necessarily made on information and belief, and should therefore be held in proper form. See citation from Gaylord v. Gaylord, supra. And in reference to a fuller statement of the facts, when an allegation of this character becomes essential, before an order is passed depriving defendant of his property the facts upon which plaintiff's belief is formed should always be in evidence, so that the court may intelligently pass upon the questions involved; but it is sufficient when, as in this case, such facts are made to appear in the supplementary or additional affidavits of plaintiff. As a part of the jurisdictional affidavit, it (233) is better if made in general terms, following as it does the language of the statute, Revisal, sec. 1563.
Defendant objected further, "That many of the allegations of fact alleged in the complaint as to the conduct of the defendant toward the plaintiff were unexplained, and in particular as to what prompted or caused them, and did not set forth the conduct of the plaintiff at that particular time, as required by law." There are decisions in this State to the effect that when divorce is sought from bed and board on the ground of cruel and barbarous treatment, alleging specific acts of cruelty and violence, etc., that the entire occurrence should be set forth, showing particularly circumstances of provocation, if any existed. Martin v. Martin, 130 N.C. 28.O'Connor v. O'Connor, 109 N.C. 142; Jackson v. Jackson, 105 N.C. 438. But the facts as found by the court do not bring this case within the principle.
As the cause will not unlikely come before the jury, we do not deem it necessary or desirable to make a detailed or extended reference to the testimony. The relevant and essential facts are for them, entirely unaffected by these preliminary findings. But the facts in evidence as disclosed by this action of the court will establish that the plaintiff in her married life has been free from blame, and that by a long course of neglect, cruelty, and humiliating insult, repeated and persisted in *Page 187 
on the part of defendant, plaintiff's cause has been brought well within the provisions of our statute on which she chiefly relies, section 1652, subsec. 4: "If he shall offer such indignities to her person as to render her condition intolerable and life burdensome."
Speaking to this question in Taylor v. Taylor, 76 N.C. 436, a case not unlike the present in its general aspects, the Court said: "The decisions of the Court in Coble v. Coble, and Erwin v. Erwin have not been controverted, and must be taken to have settled the meaning of the words `indignities to the person,' as used in the statute. Insulting and disgraceful language by itself, addressed to the wife by the husband, may not be an `indignity to the person' in a legal sense; and so, slight personal violence without injury to the body or health, of itself, will not justify a divorce. But both combined, and frequently repeated, would indicate such a degree of depravity and loss of self-command as much more readily to induce a court to believe there (234) was danger of bodily harm, and such a just apprehension of personal injury as to render cohabitation unsafe. No undeviating rule has been as yet agreed upon by the Courts, or probably can be, which will apply to all cases in determining what indignities are grounds of divorce, because they render the condition of the party injured intolerable. The station in life, the temperament, state of health, habits and feelings of different persons are so unlike that treatment which would send the broken heart of one to the grave would make no sensible impression upon another." And further: "We may assume, then, that the Legislature purposely omitted to specify the particular acts of indignity for which divorces may in all cases be obtained. The matter is left at large under general words, thus leaving the courts to deal with each particular case and to determine it upon its own peculiar circumstances, so as to carry into effect the purpose and remedial object of the statute."
Applying the principle, there is no error in the order allowing plaintiff her alimony, and the judgment below is
Affirmed.
Cited: S.C., 167 N.C. 317; Page v. Page, ib., 348. *Page 188