TERESA E. PAGE v. JOSEPH B. PAGE.

(Filed 2 December, 1914.)

1. Divorce a Mensa—Husband's Misconduct—Provocation—Statutes—Trials —Questions for Jury—Former Appeal—Appeal and Error—Weight of Evidence—Courts.

In this action for divorce *a mensa et thoro*, brought by the wife, it is *Held*, that the separate issues as to the husband's conduct and the wife's provocation are sufficiently raised by the pleadings, Revisal, sec. 1562 (4), and the verdict of the jury thereon in the plaintiff's favor, rendered upon competent evidence and correct rulings of law, will not be disturbed; the question of the sufficiency of the evidence to sustain the verdict is one that should have been addressed to the discretion of the trial judge; and it is *Further held*, that the former appeal in this case, deciding that the wife was not entitled to alimony *pendente lite*, did not affect the right of the plaintiff to introduce further evidence in her favor upon the issues raised.

**2. Divorce a Mensa—Misconduct—Continued Acts—Evidence.**

Where the wife sues the husband for divorce *a mensa et thoro*, under Revisal, 1562 (4), it is not error to admit on the trial evidence of his misconduct occurring "more than ten years ago" when it is a part of the whole course of his dealings coming down to "within six months of the beginning of the action."

**3. Divorce a Mensa—Condonation—Requisites—Evidence.**

Evidence merely of forgiveness by the plaintiff, in her action for divorce against her husband *a mensa et thoro*, is insufficient to establish condonation, for condonation is forgiveness upon condition to abstain from like offenses afterwards, which revives their original status when violated.

**4. Appeal and Error—Objections and Exceptions—Courts—Statements—Arguments—Briefs.**

A statement made by the judge upon the trial, excepted to but not argued, is deemed to have been abandoned.

**5. Divorce a Mensa—Custody of Children—Bonds—Appeal and Error.**

In this action for divorce the order of the judge appointing the plaintiff custodian for the court of a minor child of the marriage, pending appeal, requiring a bond in a certain sum to keep the child within the jurisdiction of the court and amenable to its orders, etc., is found to be without error.

APPEAL by defendant from *Harding, J.,* at September Term, 1914, of POLK.

*Quinn, Hamrick & McRorie for plaintiff.*
*Smith & Shipman and Spainhour & Mull for defendant.*

CLARK, C. J. This is an action for a divorce from bed and board. It was before us, *Page v. Page,* 161 N. C., 170, upon appeal from a decree granting alimony *pendente lite.* The defendant excepted to the refusal of the court to dismiss the action upon that opinion. But on reference thereto it will be found that it rested upon the statement that notwithstanding the facts found by the court in that case, the judge had added a finding that he acquitted the defendant of any intended wrong. This Court said: "We do not concur with the court in its conclusion that, assuming the defendant's testimony to be true, the plaintiff is entitled to alimony. . . . Our decision does not prevent a trial of the issues. The plaintiff. hereafter may allege and establish a better case than she has in the present record and one entitling her to a divorce, but there is no such case now presented." This was based upon the statement above set out, "assuming the defendant's testimony to be true."

While the plaintiff did not see fit to amend her complaint, she strengthened the testimony in her favor, and the jury further found that the defendant's testimony was not true, for in response to the issues submitted they returned the issues as follows:

1. Did the defendant offer such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome, as alleged? Answer: "Yes."

2. Did the plaintiff, by her own conduct, cause and provoke the defendant to offer such indignities as to make her life burdensome, as alleged? Answer: "No."

Our former decision was based upon the finding of the judge in that case that the evidence of the defendant was true. In this trial, his version was submitted to the jury and the jury found otherwise.

The allegations in the complaint are sufficiently specific in an action for divorce from bed and board on the ground that the defendant had offered such indignities to his wife as to render her condition intolerable and life burdensome. Revisal, 1563 (4). It is unnecessary to recite the unpleasant details. It is sufficient to say that if the jury believed the evidence of the plaintiff and rejected that of the defendant, or most of it, there was enough to justify the verdict, and the weight of the testimony was a matter for the jury, subject to the supervisory power of the judge to set aside the verdict if he found it against the weight of the testimony. This he has not done.

The jury have found on the second issue, against the allegations of recrimination on the part of the defendant, that he had been provoked to offer these indignities by reason of the conduct of the plaintiff.

The defendant excepted that much of the evidence as to these indignities was as to his conduct more than ten years ago. But it was only as a part of the whole course of dealings, coming down to "within six months of the beginning of this action." In *Sanders v. Sanders,* 157 N. C., 230, it is said where "the defendant's conduct was a long course of neglect, cruelty, humiliation, and insult, repeated and persisted in, it is sufficient to bring the case within the purview of Revisal, 1652 (4), that he had offered such indignities to the person as to render her condition intolerable and life burdensome."

The defendant places stress on the fact that the plaintiff said she had forgiven the defendant. In *Lassiter v. Lassiter,* 92 N. C., 129, it is said: "Condonation is forgiveness upon condition, and the condition is that the party forgiven will abstain from like offense afterwards, and moreover treat the forgiving party in all respects with conjugal kindness." If the condition shall be violated, the original status is revived.

From the evidence it would seem that this was a case of too much mother-in-law on both sides. The parents of both parties seemed to have had more animosity in the case than the parties themselves.

Though the defendant was acquitted of an assault upon his mother-in-law by kicking her, the court says that the defendant testified that he did not remember whether he did so or not, and the judge attributed his

acquittal to the fact that the burden of proof was upon the State. It is true that this statement is made by *Judge Long* on the appeal in the same case, *post,* 350, from him, but it was referred to in the argument.

We find no error in the charge of the court nor to that part of the decree awarding the custody of the little girl, which is as follows: "The plaintiff is better suited and capacitated to take care of the little girl than the defendant, and she is hereby appointed custodian for the court, pending appeal, on her giving bond in the sum of $2,500 to keep the child within the jurisdiction of the court, and to keep her amenable to the order of the court. The defendant, Joe Page, is likewise appointed custodian of the little boy, Paul Page, on like terms, and the custody of the said Eva Page is hereby awarded to her mother, Teresa Page. It is further ordered that the custody of the little boy, Paul Page, is hereby awarded to the father, Joseph Page, and that both the father and mother be required to enter into bond in the sum of $2,500 each, payable to the State of North Carolina, to keep the said children in the jurisdiction of the Superior Court until otherwise ordered."

This decree in no wise conflicts with what was said in this case, *Page v. Page,* 166 N. C., 90, in which the Court held, citing *Harris v. Harris,* 115 N. C., 587, that the "lower court should refrain from changing the custody of the child, pending an appeal, nor permit it to be carried out of the State"; and also said that the defendant was "entitled to have the court retain jurisdiction of the child till the hearing of his appeal, so that the final determination of the court, if in his favor, may be effective."

There is no exception to the allowance of $25 per month alimony, which does not indeed seem to be excessive in view of the finding of fact as to the estate of the defendant. While the finding of the jury is against the defendant, there was strong evidence in his favor, but the judges of the facts have determined them. The action of the court in giving the custody of the little girl to the mother, and of the boy to the father, seems to have been well considered, upon all the evidence in the case, and the judge has observed the requirement of this Court to assure the retention of the children in this State to abide the final action upon this appeal.

No error.