IDA McDOW RODMAN v. J. L. RODMAN, JR.

(Filed 30 December, 1929.)

1. **Evidence M a—In this case held: defendant had put his character in issue and testimony as to his general reputation was competent.**

   In an action by the wife against her husband for awarding of permanent alimony under the provisions of C. S., 1667, where the defendant asks the wife's character witness questions to establish his own good character, he thereby places his own character in evidence, and a question asked a witness as to the general reputation of the defendant as being "mean to his wives" is not error when the witness has testified that he knew the general reputation of the husband.

2. **Divorce D e—Instructions as to "indignities to the person" and "intolerable condition" held not erroneous in this case.**

   A statement made in the charge of the judge to the jury in an action of the wife against her husband for permanent alimony that he could not

specifically explain when the condition of the wife would become intolerable, is not error, when taken in relation to other parts of the charge it appears that he has in substance charged the ·jury that both parties might become angry and say and do things that they should not have said or done, but that such intermittent acts would not necessarily be sufficient to constitute a cause of action for divorce, leaving it for the jury to determine whether the "indignities" under the evidence was sufficient. As to the meaning of the word "indignities" used in the statute see *Taylor v. Taylor*, 76 N. C., 345; *Sanders v. Sanders*, 157 N. C., 229; *Page v. Page*, 167 N. C., 346.

**3. Trial E e—Where instructions requested are substantially given in the charge refusal of request is not error.**

The refusal of the trial judge to give special instructions requested will not be considered error when the essential principles of the request are given in the general charge.

CIVIL ACTION, before *Clement, J.,* at August Term, 1929, of UNION.

The plaintiff instituted an action against her husband for permanent alimony without divorce under C. S., 1667.

One issue was submitted to the jury, to wit: "Did the defendant offer such indignities to the person of the plaintiff as to render her condition intolerable and life burdensome?" The jury answered the issue "Yes." Judgment was entered upon the verdict decreeing that the defendant pay to the plaintiff the sum of $75 per month on the 15th day of each month until further order of the court. It was further decreed that the defendant pay the sum of $500 counsel fees.

From judgment rendered the defendant appealed.

*John C. Sikes and Vann & Milliken for plaintiff.*
*Gillam Craig, R. S. Stewart and H. B. Adams for defendant.*

BROGDEN, J. The evidence tends to show that both plaintiff and defendant are persons of good character and standing in the community, and it will serve no useful purpose to recapitulate the evidence. There was sufficient evidence, based upon adequate allegation, when liberally construed, to warrant the verdict.

The first and second exceptions are based upon a question asked by counsel for plaintiff to a witness offered by the plaintiff. The question propounded on redirect examination was as follows: "Now, Mr. McDonald, I ask you if he (defendant) doesn't have the general reputation also of being mean to his wives?" The defendant objected, and the objection was overruled. The witness answered, "Yes, sir."

Standing alone, and nothing else appearing, the ruling of the court was erroneous. But it appears that plaintiff offered this witness who testified as to her good character, and thereupon the defendant, upon cross-examination, undertook to prove his character by said witness.

Therefore, the defendant placed his character in issue before the jury. Furthermore, in response to questions by the court the witness testified that he knew the general character and reputation of the defendant. Moreover, the defendant was a witness in his own behalf and offered evidence of his good character. It will be observed that no effort was made to offer evidence as to particular acts of misconduct, but that the inquiry was limited to the general character of the party for particular vices or virtues. *S. v. Holly,* 155 N. C., 485, 71 S. E., 450; *S. v. Nance,* 195 N. C., 47, 141 S. E., 468.

The defendant assigned error to the following excerpt from the charge of the court: "Therefore, gentlemen, there is no rule that I can lay down to you which you can specifically consider explaining when the condition of the wife would become intolerable and life burdensome." The record discloses that the excerpt complained of was taken from a portion of the charge in which the trial judge in substance instructed the jury that both parties might become angry and say and do things that ought not to have been said and done, but that such intermittent acts would not be sufficient to constitute a cause of action for a divorce.

The defendant contends that the court was in error in omitting to define the meaning of the term "indignities" contemplated by the statute. This question was discussed by this Court in *Taylor v. Taylor,* 76 N. C., 436, in which it was declared: "The decisions of the Court in *Coble v. Coble* and *Erwin v. Erwin* have not been controverted and must be taken to have settled the meaning of the words 'indignities to the person,' as used in the statute. Insulting and disgraceful language by itself, addressed to the wife by the husband, may not be an 'indignity to the person' in a legal sense; and so, slight personal violence without injury to the body or health, of itself, will not justify a divorce. But both combined, and frequently repeated, would indicate such a degree of depravity and loss of self-command as much more readily to induce a court to believe there was danger of bodily harm, and such a just apprehension of personal injury as to render cohabitation unsafe. No undeviating rule has been as yet agreed upon by the courts, or probably can be, which will apply to all cases in determining what indignities are grounds of divorce, because they render the condition of the party injured intolerable. The station in life, the temperament, state of health, habits and feelings of different persons are so unlike that treatment which would send the broken heart of one to the grave would make no sensible impression upon another." *Sanders v. Sanders,* 157 N. C., 229, 72 S. E., 876; *Page v. Page,* 167 N. C., 346, 83 S. E., 625.

In the light of the principle so announced and adhered to, the exception to the charge cannot be sustained. The defendant submitted certain

prayers for instruction and excepts to the failure of the trial judge to give the instructions as written. However, a close examination of the charge discloses the fact that every essential principle of law requested in the instructions was contained in the general charge.

There are other exceptions in the record, but those discussed herein appear to be the only ones requiring careful examination.

No error.