OWENS v. WILLIAMS.

(Filed April 15, 1902.)

1. TRUSTS—*Parol—Frauds, Statute of.*

Trusts may be created by parol, as the statute of frauds does not apply thereto.

2. TRUSTS—*Trustee.*

Where land is conveyed in pursuance of an agreement that grantee hold it for another, he becomes a trustee, whether the agreement is made at the time of or before the conveyance.

3. TRUSTS—*Consideration.*

Where land is held in trust to be conveyed upon payment of purchase-money and other indebtedness, that such indebtedness was included in the consideration does not affect the trust.

4. TRUSTS—*Limitations of Actions—Express Trusts.*

The statute of limitations does not run against an express trust.

5. TRUSTS—*Rents.*

A person holding land under a parol trust to convey is liable for rents and profits.

6. TRUSTS—*Parties—Deeds.*

Where parties to whom realty has been conveyed in violation of a trust are parties to a suit to compel a conveyance to the *cestui que trust,* their conveyance may be declared void and a conveyance pursuant to the trust enforced.

DOUGLAS, J., dissenting.

ACTION by T. E. Owens and others against Edward Williams and others, heard by Judge *O. H. Allen* and a jury, at September Term, 1901, of the Superior Court of SAMPSON County. From a judgment for the plaintiffs, the defendants appealed.

*F. R. Cooper* and *Geo. E. Butler,* for the plaintiffs.

*Faison & Grady,* and *Shepherd & Shepherd,* for the defendants.

FURCHES, C. J.   This is an action to declare and enforce a parol trust.   The record discloses the following facts:

In December, 1886, the land in controversy was sold under execution, as the property of E. B. Owens, by the Sheriff of Sampson County, when Henry E. Faison became the purchaser at the price of $150, this being the amount of the judgment under which it was sold.   Faison manifested a willingness to reconvey the land to Owens upon the payment to him of the amount he had paid, to-wit, $150.   But Owens, not having the money to redeem his land, applied to the defendant, Edward Williams, who was his son-in-law, to redeem it for him, and to take the title thereto from Faison and hold the same until he (Owens) could repay him, when he would reconvey to Owens.   Owens, it seems, had been the guardian of his daughter, the wife of the defendant, Edward Williams, and still owed something on said guardianship; and the defendant Williams agreed to redeem the land from Faison as requested by his father-in-law, and hold the title until his father-in-law should pay him the $150 paid Faison, and the balance due on the guardianship of his wife, and he was to convey to Owens when these were paid; with the further provision that if Owens did not repay the said $150 and balance due on the guardianship, the defendant Williams should convey the land to his children, who were also the children of his said wife, and the grandchildren of E. B. Owens.   Williams paid the $150 to Faison under this agreement and took a deed from Faison for the land, which is shown to have been worth between $1,250 and $3,000 at that time.   E. B. Owens remained in the possession and enjoyment of this land until his death, in June, 1890, and after his death the plaintiffs went

into possession thereof, and so remained until 1896, when the defendant took possession and afterwards put the other defendants in possession of the land, who still hold and occupy the same, and to whom he afterwards made a deed.

The defendant Williams testified that said deed was dated January, 1900, registered September 11, 1900, and was without consideration. And the case states that "about January, 1900, the plaintiffs requested said Williams to render an account of the rents and profits of said land and permit them to pay any balance that might be due him, and for him to reconvey said land to the heirs of E. B. Owens. The defendant Edward Williams failing to do this, the plaintiffs thereupon offered to repay him the entire amount due, interest and costs, and ask that he reconvey to them said land, which the defendant refused to do," and this action was commenced in September thereafter. The following issues were submitted to the jury and found as indicated:

1. Was there a parol agreement between Edward Williams and E. B. Owens that Williams would buy the land, and that Owens might redeem it?  Yes.

2. Was it agreed between them that Owens was to repay the purchase-money?  Yes.

3. Was it agreed that Owens was also to pay the amount he owed Williams' wife, Mary Alice, as guardian?  Yes.

4. Was it agreed that if Owens failed to redeem that Williams was to make a deed to the children of said wife?  Yes.

5. If so, has Williams executed a deed to said children accordingly?  Yes.

6. Was any time mentioned within which Owens might redeem said land?  No.

7. Did the defendant Williams ever demand the purchase-money or any other amount from Owens?  No.

8. Did said Owens or his heirs ever refuse to pay the purchase-money or any other amount?  No.

9. Is plaintiffs' cause of action barred by the statute of limitations? No.

Upon the facts of the case and the issues found by the jury, his Honor held that the defendant Williams was a trustee for the benefit of the heirs of E. B. Owens, and upon his being paid the purchase-money and interest and the amount that E. B. Owens was due defendant's wife, Mary Alice, as her guardian, that he should convey said lands to the heirs-at-law of the said E. B. Owens. His Honor further held that the defendant Williams was liable to account for the rents and profits of said land, since he took possession of the same in 1896; and the same, or a sufficient amount thereof, should be applied to the repayment of the purchase-money and the amount E. B. Owens owed Mary Alice as her guardian. And for the purpose of ascertaining the amount due the defendant Williams, as purchase-money paid Faison, and the amount due Mary Alice as guardian, and the amount and value of rents and profits of said land, since the defendant took possession in 1896, referred the case to C. E. McCullen, to take and state an account. From this judgment the defendants appealed.

We see no error. As the Statute of Frauds does not apply to the declaration of trusts, they may be in parol. *Shelton v. Shelton*, 58 N. C., 292; *Riggs v. Swan*, 59 N. C., 118. And where one person buys land under an agreement to do so and to hold it for another until he repays the purchase-money, the purchaser becomes a trustee for the party for whom he purchased the land. *Cobb v. Edwards*, 117 N. C., 244.

Wherever land is conveyed to one party under an agreement that he is to hold it for another, he becomes a trustee, whether this agreement is made at the time of the conveyance or is made before, and the land is conveyed in pursuance of said agreement. This is an express trust and an equitable estate. *Holden v. Strickland*, 116 N. C., 185.

As the Statute of Frauds does not apply to the declaration of trusts in this State, whenever the terms of the parol trust are esablished, they have the same force and binding effect as if they had been in writing. So, the facts found in the case, going to establish the trust, have the same binding effect upon the defendant as if they had been incorporated in the deed from Faison to the defendant. And had this been done, it seems to us there could be no ground upon which the defendant could dispute the trust.

The fact that Owens was to pay the defendant Williams a debt he owed his wife, in addition to the purchase-money paid Faison, made no difference. This point was involved in the case of *Crudup v. Thomas,* 126 N. C., 333, where the purchaser, Crudup, was to be paid a debt due him, in addition to the purchase-money; and the Court held that he was a trustee for the benefit of his brother for whom he bought, and only held the legal title as security for the purchase-money and the amount his brother owed him, and upon this being paid, he was compelled to convey; and, as his brother did not redeem the land before his death, that he as the *cestui que trust* had such an estate in said land as his creditors might enforce by having the land sold, and the proceeds first applied to the discharge of the purchase-money and the amount due Crudup, outside of the purchase-money, by his brother, and the residue applied to the debts of the party for whom the land was bought.

As this is an *express* trust, we do not think the Statute of Limitations runs; and especially is this so, when E. B. Owens and the plaintiffs remained in possession of said land until 1896.

But it is contended that if the defendant Williams is a trustee, he is not liable for the rents and profits since he took possession in 1896. We think differently. He occupies the position of a mortgagee in possession. *Crudup v. Thomas,*

*supra; White v. Jones,* 88 N. C., 166; *Pearsall v. Meares,*
64 N. C., 549; *Wellborn v. Simonton,* 88 N. C., 266. And
as it is elementary learning, and has been so often held, that
a mortgagee in possession is liable for rents and profits, we
will cite no authorities to sustain the position that he is so
liable.

But it is further contended that if he is liable for what time
he occupied the land, he is not liable for the time the other
defendants have been in possession. It does not clearly ap-
pear from the case how long the defendant Williams occupied
the land himself, but this makes no difference, as it does ap-
pear that he took possession in 1896, and that he put the other
defendants in possession, and has since executed a deed to
them. This made him liable for rents and profits, as is ex-
pressly decided in *White v. Jones, supra.*

But it is further contended that the defendant Williams
has made the other defendants a deed, and can not now make
or be compelled to make a deed to the heirs of E. B. Owens.
But the parties to whom this deed was made are parties to this
action, and it is shown and admitted that said deed was not
made, until the plaintiffs offered to pay him the purchase-
money and whatever E. B. Owens owed Mary Alice as
guardian, and it is admitted to have been made without con-
sideration. It is, therefore, void as to the plaintiffs, and
should be so declared in the judgment in this case, and with
this addition to the judgment appealed from, the same is

Affirmed.


DOUGLAS, J., dissenting.