T. S. TAYLOR v. R. P. WAHAB.

(Filed 22 February, 1911.)

1. **Deeds and Conveyances—Trusts and Trustees—Parol Trust—Evidence Sufficient.**

In an action to recover lands, defendant admitted the title to
be in plaintiff by virtue of his being a grantee of defendant's
sons, to whom the defendant had conveyed it by deed for a good
and not for a valuable consideration. To establish the defense
of a parol trust thereon in defendant's favor, there was evidence
tending to show an absence of consideration moving from the
sons to the plaintiff; that antecedent to the plaintiff's deed there
was an agreement made between the sons and the plaintiff that
the latter would hold the *locus in quo* for the use and benefit
of defendant during his life, and there was evidence in corrobora-
tion that plaintiff had, since his deed, leased a portion of the land
from defendant and had several times thereafter attempted to
lease the land from him; that the lands comprised the home-
stead of the defendant, and he had continuously been in posses-
sion thereof, enjoying the rents and profits: *Held*, the evidence
tended to show an agreement entered into prior to the execution
of the deed and as a part of it, creating the parol trust, and was
sufficient to sustain a verdict for defandant.

2. **Trusts and Trustees—Parol Trusts—Evidence—Instructions—Questions for Jury.**

Where competent evidence is introduced to establish a parol
trust, it is the duty of the judge to submit it to the jury, and it
is for them to say whether it is "clear, strong, cogent, and con-
vincing."

APPEAL by plaintiff from *Ward, J.,* at July Special Term, 1910, of HYDE.

*W. C. Rodman and E. F. Aydlett for plaintiff.*
*W. M. Bond for defendant.*

ALLEN, J.   The plaintiff, T. S. Taylor, alleges in his complaint that he is the owner of about 200 acres of land in Hyde County, and that defendant is in the unlawful possession of about 60 acres thereof, which is particularly described in section 2 of the complaint.   The defendant, R. P. Wahab, Sr., admits in his answer that the legal title to the land in dispute is in the plaintiff, and alleges in section 4 of the answer: "That some years ago he signed a deed purporting to convey to plaintiff (who had married his daughter) and to two sons of defendant the tract of land described in the complaint; that he was paid nothing for the same; that thereafter, for nominal consideration, as he is informed and alleges, the plaintiff procured deeds purporting to convey to him the interest of said two sons in said property, plaintiff agreeing with said sons before they made deeds to him that if they would convey to plaintiff their two-thirds interest in all said land that defendant should use, occupy and enjoy for his own benefit, as long as he lived, that part of said land described in section 2 of the complaint, with rents and profits of same, it being known as the R. P. Wahab, Sr., homestead; said deeds were made on the strength of said agreement and promise by plaintiff, and he has sold to other parties all the land he got by said deed except his homestead piece; that all the legal title that plaintiff ever acquired in any way to said land was made to him expressly subject to the right of defendant to use, occupy and enjoy the profits of that part of said land described in section 2 of the complaint, during his lifetime; that ever since the plaintiff acquired the legal title to any part of said property, plaintiff has held that part described in section 2 of complaint, charged with a trust affixed to it before the legal title passed, to the effect that this defendant should use and enjoy it for and during the term of his natural life."

The plaintiff filed a reply, denying section 4 of the answer. The following issue was submitted to the jury: "Was it understood that if R. P. Wahab, Jr., and James S. Wahab would execute the deeds of 20 May, 1904, to plaintiff T. S. Taylor, that R. P. Wahab, Sr., should have a life estate for himself in the whole of the lands described in section 2 of the complaint, and did said plaintiff take said deeds with said understanding and agreement? Answer: Yes."

Judgment was rendered in favor of the defendant, and the plaintiff appealed, relying on two exceptions.

One of these exceptions is to the refusal of the judge to charge the jury, "That upon all the evidence they should answer the issue, 'No,'" and the other to the charge of the judge as to the quantum of proof required of the defendant to establish the parol trust alleged by him, which was as follows: "That it was their duty to answer the issue 'No,' unless the defendant had shown by clear, strong, cogent, and convincing evidence that plaintiff procured execution of deeds to him from James Wahab and R. P. Wahab, Jr., by a promise and agreement on his part, before said deeds were made, that defendant should use, occupy, and enjoy said land described in section 2 of complaint, and its rents and profits, for term of his natural life; that if defendant had so shown by such evidence as above stated, they should answer the issue, 'Yes.'"

In our opinion, the evidence introduced by the defendant meets every requirement of the law.

R. P. Wahab, Jr., named in the issue and one of the grantors to the plaintiff, testified as follows: "That prior to the time he and his brother, James S. Wahab, made deed to plaintiff, said plaintiff agreed that if they would make the deed, that their father, the defendant, should have the right to use and occupy as long as he lived that part of said land described in section 2 of complaint, and to receive the rents and profits thereof for his (defendant's) own use and benefit; that he and his brother, James S. Wahab, made said deed by reason of and upon the strength of said agreement; that Taylor paid them nothing; that he made the agreement with Taylor at Scranton, his father not being present; that no one else was present; that he in-

TAYLOR *v.* WAHAB.

formed his brother; that he and his brother made the deeds to Taylor because of and upon the strength of said agreement; that the piece of land described in section 2 of complaint was known as R. P. Wahab, Sr., homestead; that his father has ever since remained in possession and received the rents and profits of said homestead; that Taylor has rented part of said homestead from his father since said deeds were made, and paid him rents for same."

One Garrish testified that he bought some of the land outside of the homestead tract from Taylor, and that Taylor stated to him he would sell him the homestead when he came into possession of it; and at another time Taylor stated to him that he would sell him the homestead subject to life right of R. P. Wahab, Sr. These conversations were since James Wahab and his brother made the deeds to Taylor.

One Alexander testified that in the year 1909 he heard plaintiff say he would give defendant $1,000 and board for a six-year lease of the homestead.

James Wahab testified: That plaintiff asked him last year if he didn't think defendant was a fool not to accept $600 and give up the homestead; said he had offered him that to surrender possession.

R. P. Wahab, Sr., was sworn, and testified that he received nothing for the deed he made to Taylor and his sons; that soon after his sons made the deeds to Taylor, R. P. Wahab, Jr., told him "he and James Wahab had conveyed to Taylor because it was agreed by Taylor that I should have a life right in the homestead. Taylor has rented from me and has always told me it was mine for life; wanted to rent it again; I refused, and he started suit."

One Ellickson testified: Last year Taylor wanted me to make him some carts. Soon after he told me he would not need the carts, as defendant would not sell him his life right in the homestead; said he offered him $1,000 for a six-year lease on it; Taylor also said he would not have barn repaired, as it was on defendant's land; the barn was on the homestead.

The defendant also offered evidence that James Wahab,

named in the issue, was sick and could not attend court. The defendant has been in possession of the land since the execution of the deed to the plaintiff in 1894.

The plaintiff introduced evidence to the contrary, and, as a witness in his own behalf, denied the agreement and explained the possession of the defendant; but he admitted upon his cross-examination "that he rented part of the homestead property from defendant since the deeds were made and paid him $50 and board for it"; "that he did offer a piece of land worth $750 to get defendant to give up possession of homestead," and he refused to deny the conversations testified to by the witnesses for the defendant, Garrish and Ellickson.

We have much more than declarations admitting a trust antecedently created. We have evidence of an agreement entered into prior to the execution of the deed and as a part of it, testified to by one of the parties to the agreement; evidence of declarations of the plaintiff that he would sell the land subject to the life right of the defendant; that he would give defendant $1,000 and board for a six-year lease of the land; that he had offered defendant $600 to surrender possession of the land; evidence that plaintiff had rented part of the land from the defendant and had paid him rent, and the fact that the defendant had been in possession of the land six years after he (the plaintiff) received his deed before this action was commenced.

In *Smiley v. Pearce,* 98 N. C., 189, *Chief Justice Smith* says: "The declarations held to be insufficient themselves to show a trust which a court will enforce are such as are but admissions of a trust antecedently created, but do not include such as create and annex the trust to the legal estate," and this is cited with approval in *Hemphill v. Hemphill,* 99 N. C., 442. The evidence of R. P. Wahab, Jr., as to the agreement with the plaintiff, was such as creates and annexes the trust to the legal estate, and there was much evidence in corroboration.

We also think there was no error in the charge of his Honor, and that the rule laid down for the guidance of the jury, as stated in the part of the charge quoted, follows the decisions of this Court. *McNair v. Pope,* 100 N. C., 408; *Hamilton v.*

*Buchanan,* 112 N. C., 471; *Kelly v. McNeill,* 118 N. C., 353; *Wilson v. Brown,* 134 N. C., 405. It is well settled in this State that where competent evidence is introduced to establish a parol trust, it is the duty of the judge to submit it to the jury, and it is for the jury to say whether it is "clear, strong, cogent, and convincing." *Cobb v. Edwards,* 117 N. C., 253; *Lehew v. Hewitt,* 130 N. C., 22; *Avery v. Stewart,* 136 N. C., 430.

The enforcement of parol trusts is recognized in this State, but it is a jurisdiction in the exercise of which there is much danger. As said by *Pearson, J.,* in *Kelly v. Bryan,* 41 N. C., 286: "Courts of equity enforce parol trusts to prevent fraud, but the jurisdiction is exercised sparingly and, many think, with very doubtful policy." *Justice Walker,* in *Avery v. Stewart, supra,* while discussing the rule as to the proof required, says: "The security of titles required the adoption of this rule." As a further safeguard, the law clothes the presiding judge with the power to supervise the verdict and to set it aside in proper cases.

The doctrine is fully and clearly discussed in the case of *Avery v. Stewart,* cited above, and in the case of *Sykes v. Boone,* 132 N. C., 199, both of which are conclusively against the plaintiff. We find no error, and the judgment is

Affirmed.