BRISTOL GROCERY COMPANY v. W. BAILS ET ALS.

(Filed 9 April, 1919.)

1. Partnership—Husband and Wife—Married Women—Exemptions—Statutes—Constitutional Law.

Under the provisions of Article X, section 1 of our Constitution, and the Martin Act, ch. 109, Laws 1911, making a married woman liable for her contracts, the wife may claim her personal property exemption from the assets of a partnership with her husband when the validity of the partnership contract is not questioned by them under the provisions of Revisal, sec. 2107, and each has consented that such exemption should be allowed to the other therefrom.

2. **Married Women — Husband and Wife—Statutes—Certificates—Signs— Exemptions—Constitutional Law.**
> The failure of a married woman to comply with the provisions of Revisal, sec. 2118, and ch. 77, Laws 1913, as to filing a certificate with the clerk of the court and displaying her name at the place of business conducted by her, does not deprive her of her constitutional right (Art. X. sec. 1) of having her personal property exemption out of the assets of the business.

APPEAL by plaintiffs from *Lane, J.,* at July Term, 1918, of ASHE.

The defendant, W. Bails, was a general merchant and purchased goods from the plaintiffs. Later, W. Bails and his wife, Essie Lee Bails, made an assignment for benefit of creditors, alleging that they were partners in the mercantile business, and each of them claiming their personal property exemption. The plaintiffs brought an action attacking the deed of assignment for fraud on the part of W. Bails in the purchase of the goods and contesting the right of Essie Lee Bails to exemption, and charging that J. E. Shumate was a partner, and asking judgment against him. The jury found as a fact that she was a partner in the business and that J. E. Shumate was not. Judgment upon the verdict allowing the personal property exemption to the wife, and appeal by the plaintiffs.

*J. B. Councill and G. L. Park for plaintiffs.*
*T. C. Bowie and R. A. Doughton for defendant.*

CLARK, C. J. The only point presented in the argument in this Court was as to the correctness of the judgment permitting Essie Lee Bails to have her personal property exemption allotted.

The right to the homestead and personal exemption is guaranteed to "every resident" by the Constitution. The liability of the wife on her contracts has been settled ever since the statute which provided "Every married woman shall be authorized to contract and deal so as to affect her real and personal property in the same manner and with the same effect as if she were unmarried." Chapter 109, Laws 1911; *Lipinsky v. Revelle,* 167 N. C., 508; *Bowen v. Daugherty,* 168 N. C., 242; *Royal v. Southerland, Ib.,* 406, 407; *Warren v. Dail,* 170 N. C., 410; *Thrash v. Ould,* 172 N. C., 730. The wife, therefore, has been held, ever since, liable jointly and severally whenever a partner or a surety. There is no question arising here between husband and wife as to the validity of the contract of partnership as between them under Rev., 2107, nor as to title derived from them. But they each admit the partnership and assent to the other asserting the claim to exemption as a partner. *Scott v. Kenan,* 94 N. C., 300; *Richardson v. Redd,* 118 N. C., 677. The jury

have found as a fact that such partnership existed, and the Constitution decrees, Art. X, sec. 1, that "the personal property of *any resident* of this State to the value of $500" shall be exempt from execution.

It was held, even prior to the Martin Act of 1911, that on a judgment against the wife she is entitled to her personal property exemption. *Harvey v. Johnson,* 133 N. C., 353. There are other parts of that decision which do not obtain since the passage of the "Martin Act."

The plaintiffs contend that Essie Lee Bails had failed to comply with Rev., 2118, and ch. 77, Laws 1913, as to filing a certificate with the clerk of the Superior Court and displaying her name at the place of business, and therefore that she could not be a partner in the business and hence not entitled to her legal exemption. Rev., 2118, fixes as a penalty for the violation of that section that the married woman shall be deemed a free trader and shall be liable for her debts but does not attempt to deprive her of her rights to her personal property exemption. Indeed, such right to an exemption being guaranteed by the Constitution is not forfeited even by a fraudulent conveyance. *Crummen v. Bennett,* 68 N. C., 494; *Arnold v. Estes,* 92 N. C., 162; *Rankin v. Shaw,* 94 N. C., 405; *Dortch v. Benton,* 98 N. C., 190; *Rose v. Bryan,* 157 N. C., 173.

*Stone v. McLamb,* 153 N. C., 378, holding a married woman liable as a free trader formerly in such cases, is applicable to all married women under the "Martin Act," but does not deprive her of her constitutional exemption.

On the findings of the jury, Essie Lee Bails was a partner in the business, was liable for all its debts, and is entitled to her constitutional exemptions against an execution upon the judgment rendered against her.

No error.