STANDARD OIL COMPANY v. M. BANKS AND J. N. POTTER.

(Filed 22 March, 1922.)

1. **Appeal and Error—Trials—Evidence—Questions for Jury.**

   *Held,* the evidence in this case presented only issues of fact for the jury to determine, and there was no prejudice to the appellant in the trial of the action.

2. **Partnership—Trials—Evidence—Questions for Jury.**

   In an action to recover on an account for gasoline sold and delivered to the one running a garage and another, there was evidence in plaintiff's behalf that he had presented the bill to both defendants and the latter

exclaimed that he should have been informed before the account had gotten so large, that "we will straighten it up," and that he would get after his codefendant about it, with further evidence that one owned the building and the other was a tenant therein conducting his own business: *Held,* sufficient to be submitted to the jury upon the issue of partnership, binding both defendants to the payment of the account.

APPEAL by defendants from *Lyon, J.,* at November Term, 1921, of PAMLICO.

Civil action to recover balance due on open account for oils and gasoline sold and delivered to the defendants during the year 1920.

From a verdict and judgment in favor of plaintiff, the defendants appealed.

*Z. V. Rawls for plaintiff.*
*F. C. Brinson for defendants.*

STACY, J.   This action is brought to recover the balance due on an open account for oils and gasoline sold and delivered by the plaintiff to the defendants during the year 1920.   The question of indebtedness was not denied; the amount only was in dispute.   Plaintiff sued for $910.65, contending that such was the correct amount of its claim. M. Banks, one of the defendants, admitted an indebtedness of $395.49, but denied that any larger sum was due.   Upon the issue thus joined, the jury answered in favor of the plaintiff.   This was purely a question of fact, and has been settled by the verdict.

There was also an issue as to whether J. N. Potter was a partner and interested with his codefendant in the firm of M. Banks & Company. Plaintiff's local agent testified: "I got a statement from the company saying that M. Banks & Company owed them a large account.   I saw Mr. Banks, and also Mr. Potter, and Mr. Potter said, 'Great Lord, why didn't you let me know before it got so large.' "   There was also evidence tending to show that Potter owned the garage—though it was contended that he and Banks bore to each other the relation of landlord and tenant only—and that he stated to plaintiff's agent he would get after Banks about the account; and further, he is quoted as having said: "We will have to straighten it up, and I wish you had let me known about it before it got so large."   From this evidence we think the jury was fully justified in finding with the plaintiff on the second issue.   The defendant Potter did not testify.

The whole controversy narrowed itself to questions of facts, and we have found no error in the trial.