MARY WILLIS v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 21 June, 1924.)

**1. Telegraphs—Negligence—Prima Facie Case—Burden of Proof—Service Messages — Evidence — Nonsuit — Questions for Jury — Mental Anguish.**

When the evidence tending to show that a telegraph company has received a telegram for transmission and has failed to deliver it within a reasonable time, a *prima facie* case of negligence is shown entitling the plaintiff to have the issue passed upon by the jury, with the burden of disproving its negligence on the defendant, and the failure of the defendant to send a service message notifying the sender of its nondelivery is also evidence of its actionable negligence.

**2. Telegraphs—Negligence—Service Messages—Pleadings—Evidence.**

It is not required that the complaint, in an action to recover damages for mental anguish against a telegraph company for negligently failing to deliver a death message within a reasonable time, allege negligence in respect to its failure to send a service message back to the sender informing him of the fact of nondelivery, in order to admit evidence thereof on the trial.

**3. Verdicts—Excessive Damages—Court's Discretion—Appeal and Error.**

The action of the trial court in refusing to set aside a verdict for excessive damages is a discretionary matter, and it will not be disturbed on appeal unless it is made to appear that the verdict must have been the result of passion or prejudice.

APPEAL by defendant from *Bryson, J.,* at October Term, 1923, of SWAIN.

Civil action to recover damages for alleged mental anguish.

Upon denial of liability and issues joined, the jury returned the following verdict:

"1. Did Charlie Mahaffey for, and at the request of Mrs. Alice Brown, deliver to the agent of the defendant telegraph company at Waynesville the telegram mentioned in the complaint, and request the defendant's agent to transmit the same over its wires to Bryson City and pay for the transmission and delivery of the same as alleged in the complaint? Ans. Yes.

"2. If so, did the defendant negligently fail to deliver the same as alleged in the complaint? Ans. Yes.

"3. If so, what amount, if any, is the plaintiff, Mary Willis, entitled to recover of the defendant? Ans. $1,250."

From a judgment on the verdict in favor of plaintiff, the defendant appeals, assigning errors.

---

WILLIS *v.* TELEGRAPH CO.

---

*S. W. Black and Frye & Randolph for plaintiff.*
*Francis R. Stark, Joseph L. Egan, Merrimon, Adams & Johnston, and Tillett & Guthrie for defendant.*

STACY, J.  Plaintiff brings this suit, alleging that by reason of the negligent failure of the defendant to deliver a telegram announcing the death of her father she was deprived of the opportunity of attending his funeral, and she seeks to recover damages for the mental anguish sustained by her as a resultant injury.

It is conceded that plaintiff's sister sent one Charles Mahaffey to the defendant's office in Waynesville, N. C., on the morning of 27 November, 1922, with a telegram to be sent to plaintiff at Bryson City, N. C., in care of Captain Frye.  The message was promptly transmitted and received by defendant's agent at Bryson City, but it was not delivered until called for by plaintiff's son on 8 December, 11 days thereafter. This evidence was sufficient to carry the case to the jury.  *Sherrill v. Tel. Co.,* 116 N. C., 655.  "It is well settled that where a telegraph company receives a message for delivery and fails to deliver it with reasonable diligence, it becomes *prima facie* liable, and that the burden rests upon it of alleging and proving such facts as it relies upon to excuse its failure."  *Douglas, J.,* in *Hendricks .v. Tel. Co.,* 126 N. C., 309.

On the record, the defendant apparently made out a strong case in exculpation of liability, and a verdict in its favor would have been fully warranted by the evidence, but we need not consider this phase of the controversy, as it was purely a question for the jury, and they have determined it in favor of plaintiff's claim.  The plaintiff, having made out a *prima facie* case, was entitled to have the matter submitted to the jury.  The defendant's motion to dismiss or for judgment as of nonsuit was properly overruled.

There was also objection to the admission of evidence tending to show that the defendant made no effort to notify the sender of the non-delivery of said telegram by returning service message or otherwise, as the complaint omitted to specify such failure as one of the grounds of negligence.  This evidence was competent upon the general allegation of negligence, and the exception must be overruled.  "If for any reason it (telegraph company) cannot deliver the message, it becomes its duty to so inform the sender, stating the reasons therefor, so that the sender may have the opportunity of supplying the deficiency, whether it be in the address or additional cost of delivery.  The failure to notify the sender of such nondelivery is of itself evidence of negligence."  *Douglas, J.,* in *Cogdell v. Tel. Co.,* 135 N. C., 431.

Defendant's motion for a new trial upon the ground of excessive award of damages must also be overruled.  Appellate courts do not

ordinarily interfere with the discretion of the jury in assessing the amount of damages in cases of this kind, unless it appear that the verdict must have been the result of passion or prejudice, or that the amount awarded is clearly or grossly excessive. 37 Cyc., 1793. It being a question for the jury, and not for the court, to fix the amount, in cases of unliquidated damages, a verdict will not be set aside merely because it is large, or because the reviewing court would have awarded less. 8 R. C. L., 673. See, also, opinion of *Horton, C. J.,* in *Union P. R. Co. v. Young,* 19 Kan., 488.

After a critical examination of the record, we have found no error which would justify us in disturbing the verdict and judgment, and this will be certified.

No error.