H. G. CARLISLE v. MRS. H. G. (INEZ) CARLISLE.

(Filed 10 October, 1945.)

**1. Trusts § 1b—**

A parol trust in favor of a grantor cannot be engrafted upon a written deed conveying a fee simple title to land, where nothing appears in the instrument to indicate otherwise than that the absolute title was to pass to the grantee.

**2. Same—**

Since the seventh section of the English Statute of Frauds, which forbids the creation of a parol trust in land, has never been enacted in this jurisdiction, parol trusts may be enforced where the grantee takes title to property under an express agreement to hold the property for the benefit of another, other than the grantor.

**3. Trusts § 15—**

Where one purchases lands, paying the purchase price and taking title in the name of another, other than his wife, a resulting trust in favor of the purchaser is created, and the grantee holds the property as trustee for the purchaser.

**4. Same: Husband and Wife § 4b: Gifts § 1—**

The fact that plaintiff purchased land and caused title to be taken in his wife's name does not create a resulting trust in his favor; on the contrary, the law presumes that the husband intended the property to be a gift to his wife. This presumption is one of fact and is rebuttable.

**5. Husband and Wife § 4b: Trusts § 1b: Gifts § 1—**

A married woman is under no legal handicap which would prevent her from entering into an oral agreement with her husband to hold title to real estate for his benefit or for their joint benefit. G. S., 52-2. And to rebut the presumption of a gift to the wife, and to establish a parol trust in his favor, no greater degree of proof is required than is required to establish a parol trust under any other circumstances.

**6. Trusts § 1b—**

The evidence to establish a parol trust must be clear, strong, cogent and convincing.

**7. Husband and Wife §§ 4a, 4b, 4c: Partnership § 1—**

A husband and wife may enter into a partnership agreement and be answerable for the partnership debts made for or on behalf of the firm with third parties. But, as between themselves, where the partnership agreement purports to affect or change any part of the real estate of the wife or the accruing income thereof, for a longer period than three years next ensuing the making of the contract, or if the agreement impairs or changes the body or capital of the personal estate of the wife, or accruing income thereof for a longer period than three years next ensuing the agreement, the contract is void unless executed in accordance with G. S., 52-12.

APPEAL by plaintiff from *Warlick, J.,* at April-May Term, 1945, of HENDERSON.

This is a civil action brought by the plaintiff against his wife for the purpose of having her declared a trustee for his benefit in certain property and for an accounting of partnership funds.

Plaintiff and defendant are now living separate and apart. For some nine years, while plaintiff and defendant were living together as man and wife in the State of Georgia, they were engaged in growing and marketing vegetables. The plaintiff supervised and directed the planting, harvesting and marketing of the crops. The defendant kept the books and looked after the office. Having accumulated several thousand dollars, the plaintiff and defendant came to Hendersonville, North Carolina, for the purpose of purchasing land and constructing and operating a camp for girls. Accordingly, in the year 1931, they selected a site, containing 32 acres of land, on the Chimney Rock Highway. The plaintiff purchased and paid for the land and for convenience placed the title to said property in the name of defendant's aunt, Jennie Gaines.

Plaintiff alleges that in order to make necessary improvements on the property for its successful operation as a camp, it became necessary for him to borrow additional funds, and having agreed with his wife that she should operate the camp, on a basis of an equal division of the profits therefrom, it was further agreed verbally between them that they should request Jennie Gaines to execute a deed to the defendant, who would hold title to the camp site for the joint benefit of herself and the plaintiff until a corporation could be formed and the property conveyed thereto, whereupon the capital stock of the corporation would be equally divided between them, except for a nominal interest of one share to be held by a third party.

On 2 December, 1931, Jennie Gaines executed a deed for the property to the defendant, which instrument has been duly recorded in the office of the Register of Deeds for Henderson County.

It is further alleged that the joint investment in the camp is now approximately $40,000.00, and that the plaintiff has furnished approximately $25,000.00 of said amount.

The defendant has declined to join in the formation of a corporation and claims the property as her sole and separate estate.

Plaintiff prays that he be adjudged the owner of a one-half undivided interest in the real property described in the complaint, and that the defendant be declared a holder of same in trust for his benefit, and that the defendant be required to give an accounting for all funds received in connection with the operation of said camp.

Upon motion of defendant for judgment on the pleadings, the motion was allowed and judgment entered to the effect that defendant is the sole owner of the property described herein and that the plaintiff has no interest in the camp operated thereon nor in the profits arising therefrom.

Plaintiff appeals, assigning error.

*Monroe M. Redden for plaintiff.*
*O. B. Crowell and J. E. Shipman for defendant.*

DENNY, J. This appeal presents two questions for our determination: (1) Can a husband and wife enter into an enforceable parol agreement for the wife to hold real property for their joint benefit where the real property is conveyed to the wife pursuant to the agreement, by a third party, at the request of the husband? (2) Can the wife be required to account to the husband for profits realized under a partnership agreement, covering a period in excess of three years, when the partnership was under the management and control of the wife and her personal services inured to its benefit, and the agreement was not executed in accordance with the requirements of G. S., 52-12?

It is settled law with us that a parol trust in favor of a grantor cannot be engrafted upon a written deed conveying a fee simple title to land, where nothing appears in the instrument to indicate otherwise than that the absolute title was to pass to the grantee. *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028; *Chilton v. Smith,* 180 N. C., 472, 150 S. E., 1; *Perry v. Sou. Surety Co.,* 190 N. C., 284, 129 S. E., 721; *Penland v. Wells,* 201 N. C., 173, 159 S. E., 423. However, since the seventh section of the English Statute of Frauds, which forbids the creation of a parol trust in land, has never been enacted in this jurisdiction, parol trusts may

be enforced where the grantee takes title to property under an express agreement to hold the property for the benefit of another, other than the grantor. *Owens v. Williams,* 130 N. C., 165, 41 S. E., 93; *Sykes v. Boone,* 132 N. C., 199, 43 S. E., 645; *Avery v. Stewart,* 136 N. C., 426, 48 S. E., 775; *Taylor v. Wahab,* 154 N. C., 219, 70 S. E., 173; *Ricks v. Wilson,* 154 N. C., 282, 70 S. E., 476; *Lutz v. Hoyle,* 167 N. C., 632, 83 S. E., 749; *Boone v. Lee,* 175 N. C., 383, 95 S. E., 659; *Rush v. McPherson,* 176 N. C., 562, 97 S. E., 613; *Reynolds v. Morton,* 205 N. C., 491, 171 S. E., 781; *Taylor v. Addington,* 222 N. C., 393, 23 S. E. (2d), 318.

In the instant case the plaintiff paid the purchase price for the land and took title in the name of another, to wit, Jennie Gaines. Having paid the purchase price, a resulting trust in plaintiff's favor was created, and Jennie Gaines held the property as a trustee for him. *Harris v. Harris,* 178 N. C., 7, 100 S. E., 125; *Tire Co. v. Lester,* 190 N. C., 411, 130 S. E., 45. The complaint alleges, however, that the defendant took title from Jennie Gaines, pursuant to an agreement between the plaintiff and defendant, that she would hold the property for their joint benefit until a corporation could be formed under the laws of North Carolina, at which time she would convey the property to said corporation. It is further alleged that their respective interests in the partnership were to be preserved by an equal division of the capital stock of the corporation.

The plaintiff and defendant being man and wife, the fact that the plaintiff paid the purchase price and caused title to be taken in his wife's name does not create a resulting trust in his favor for a one-half undivided interest in the land which he now claims; but, on the contrary, where a husband pays the purchase money for land and has the deed made to his wife, the law presumes he intended it to be a gift to the wife. *Thurber v. LaRoque,* 105 N. C., 301, 11 S. E., 460; *Arrington v. Arrington,* 114 N. C., 116, 19 S. E., 351; *Ricks v. Wilson, supra; Singleton v. Cherry,* 168 N. C., 402, 84 S. E., 402; *Nelson v. Nelson,* 176 N. C., 191, 96 S. E., 986; *Tire Co. v. Lester, supra; Carter v. Oxendine,* 193 N. C., 478, 137 S. E., 424. This presumption, however, is one of fact and is rebuttable. *Faggart v. Bost,* 122 N. C., 517, 29 S. E., 833; *Flanner v. Butler,* 131 N. C., 155, 42 S. E., 547; *Carter v. Oxendine, supra; Bank v. Crowder,* 194 N. C., 312, 139 S. E., 604. Moreover, G. S., 52-2, provides: "Subject to the provisions of Section 52-12, regulating contracts of wife with husband affecting *corpus* or income of estate, every married woman is authorized to contract and deal so as to affect her real and personal property in the same manner and with the same effect as if she were unmarried, but no conveyance of her real estate shall be valid unless made with the written assent of her husband as provided by section six

of article ten of the constitution, and her privy examination as to the execution of the same taken and certified as now required by law." Therefore, a married woman is under no legal handicap which would prevent her from entering into an oral agreement with her husband to hold title to real estate for his benefit or for their joint benefit. *Ritchie v. White, ante,* 450. And to rebut the presumption of a gift to the wife, and to establish a parol trust in his favor, no greater degree of proof is required than is required to establish a parol trust under any other circumstances. To rebut the presumption of a gift to the wife, and to establish a parol trust, the evidence must be clear, strong, cogent and convincing. *Avery v. Stewart, supra; Taylor v. Wahab, supra; Glenn v. Glenn,* 169 N. C., 729, 86 S. E., 622; *Anderson v. Anderson,* 177 N. C., 401, 99 S. E., 106; *Whitten v. Peace,* 188 N. C., 298, 124 S. E., 571.

We think his Honor erred in holding as a matter of law that the plaintiff cannot establish title to a one-half undivided interest in the real property involved in this action, under the allegations of his complaint.

We come now to the second question presented. The plaintiff seeks an accounting by the defendant as a partner and not as a trustee. He alleges the defendant is a trustee for him of a one-half undivided interest in the real property involved herein, but there is no allegation in the complaint to the effect that any funds have come into the hands of the defendant from rents or profits from the land which she holds as his trustee, but on the contrary, plaintiff alleges the property has been used by the plaintiff and defendant as partners since 1931, in the operation of a camp for girls.

A husband and wife may enter into a partnership agreement and be answerable for the partnership debts made for and on behalf of the firm with third parties. *Dorsett v. Dorsett,* 183 N. C., 354, 111 S. E., 541; *Bristol Grocery Co. v. Bails,* 177 N. C., 298, 98 S. E., 768. But, as between husband and wife, where the partnership agreement purports to affect or change any part of the real estate of the wife or the accruing income thereof, for a longer period than three years next ensuing the making of the contract, or if the agreement impairs or changes the body or capital of the personal estate of the wife, or the accruing income thereof, for a longer period than three years next ensuing the agreement, the contract is void unless executed in accordance with the requirements of G. S., 52-12, the pertinent part of which reads: "No contract between a husband and wife made during coverture shall be valid to affect or change any part of the real estate of the wife, or the accruing income thereof for a longer time than three years next ensuing the making of such contract, or to impair or change the body or capital of the personal estate of the wife, or the accruing income thereof, for a longer time than three years next ensuing the making of such contract, unless such con-

tract is in writing, and is duly proved as is required for conveyances of land; and upon the examination of the wife separate and apart from her husband, as is now or may hereafter be required by law in the probate of deeds of *femes covert,* it shall appear to the satisfaction of such officer that the wife freely executed such contract, and freely consented thereto at the time of her separate examination, and that the same is not unreasonable or injurious to her." *Daughtry v. Daughtry, ante,* 358, 34 S. E. (2d), 435. Furthermore, G. S., 52-10, provides: "The earnings of a married woman by virtue of any contract for her personal services, . . . shall be her sole and separate property as fully as if she had remained unmarried." *Croom v. Lumber Co.,* 182 N. C., 217, 108 S. E., 735. Therefore, we think the partnership agreement is void and unenforceable, as between the plaintiff and defendant, under the facts alleged, since the agreement was not executed in the manner and form required by law.

The judgment of the court below, in so far as it holds the defendant is the sole owner of the real estate described in the complaint in this action, is reversed. But, in so far as the judgment holds the defendant is the owner of the business operated as Camp Carlisle, situated on the real estate involved in this action, and that the plaintiff has no interest in said business nor in the profits arising therefrom, the judgment is affirmed.

Reversed in part.

Affirmed in part.