THURMOND H. HALL, JR. v. PRESTON H. MABE, LORENE B. MABE AND CAROLYN MABE HALL

No. 8521DC319

(Filed 19 November 1985)

1. **Rules of Civil Procedure § 50.5— motion for directed verdict—statement of grounds therefor**

     A motion for directed verdict must state the grounds therefor; otherwise, error may not be urged on appeal. G.S. 1A-1, Rule 50.

2. **Contracts § 27.1— contract implied in fact**

     In an action to recover for labor and materials provided by plaintiff in the construction of a house owned by defendants, his in-laws, and intended for use by his wife, the trial court properly submitted an issue as to whether plaintiff and defendants had an agreement regarding plaintiff's labor and materials where plaintiff's evidence tended to show a contract ·implied in fact that plaintiff would be compensated by an interest in the house.

3. **Quasi Contracts and Restitution § 2.1— unjust enrichment—sufficiency of evidence**

     An issue of unjust enrichment was properly submitted to the jury in an action to recover for labor and materials provided by plaintiff in the construction of a house owned by defendants, his in-laws, and intended for use by his wife.

4. **Quasi Contracts and Restitution § 1— presumption of gift—inapplicable for services to in-laws**

     There is no presumption of gift where services are rendered for one's parents-in-law rather than for a spouse.

5. **Quasi Contracts and Restitution § 1.2— implied agreement—unjust enrichment —no fatal inconsistency**

     The jury's answer of "yes" to both agreement and unjust enrichment issues did not create a fatal inconsistency in the judgment for plaintiff since plaintiff's evidence showed an agreement implied in fact, not an express contract; an implied agreement does not bar a claim based on unjust enrichment; the jury merely answered "yes" to alternative theories of liability; and no double recovery was allowed.

**6. Quasi Contracts and Restitution § 2.2— verdict for labor and materials furnished—sufficiency of evidence**

The evidence supported an award to plaintiff of $7,400 for labor and materials provided by plaintiff in the construction of a house owned by defendants, his in-laws, and intended for use by his wife.

**7. Quasi Contracts and Restitution § 1.2— labor and materials furnished for house —judgment against non-owner**

A verdict of $7,400 in favor of plaintiff against his former wife and in-laws for labor and materials provided by plaintiff in the construction of a house owned by the in-laws and intended for use by the wife was improper as to the wife since she has no legal interest in the house and has not legally benefited from plaintiff's work on the house.

**8. Divorce and Alimony § 11— divorce from bed and board—insufficient evidence of indignities**

Evidence that the husband told the wife that she should pay 50% of all living expenses or "get out" and that he wanted her wedding ring back was insufficient to require the trial court to submit an issue of indignities to the jury in an action for divorce from bed and board.

APPEAL by defendants from *Alexander, Judge*. Judgment entered 6 November 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 18 October 1985.

Plaintiff sued defendants, alleging breach of contract, quantum meruit, and unjust enrichment, and obtained a jury verdict in his favor against all defendants.

Plaintiff began courting defendant Carolyn Mabe Hall (Carolyn) in 1981. At about the same time, her parents, defendants Mabe (the Mabes), bought an old house. They intended the house to be a place for Carolyn. The Mabes first attempted to renovate the old house, but then decided to demolish the old house and build a new one. Construction began in early 1983, and plaintiff married Carolyn in April 1983. Plaintiff helped with the unsuccessful renovation and demolition of the old house and then with the construction of the new house. Money for the construction came from the Mabes, and from plaintiff's and Carolyn's joint account. In late 1983, before plaintiff and Carolyn moved into the new house, a dispute arose between plaintiff and the Mabes over who should be loss payees on the fire insurance policy on the house. The Mabes refused to put plaintiff's name on the policy. (Title to the house was then and remains in the Mabes.) The dispute escalated and the new marriage broke up. Plaintiff sued for

the value of his services and contributions to the new house and obtained a verdict for $7,400.00. Defendants appeal.

*William L. Durham for plaintiff-appellee.*

*Cofer and Mitchell, by William L. Cofer, for defendant appellants.*

EAGLES, Judge.

[1] Defendants bring forward a number of arguments, most of which are based on their motion for directed verdict. A motion for directed verdict must state the grounds therefor; otherwise, error may not be urged on appeal. G.S. 1A-1, R. Civ. P. 50; *Lee v. Keck*, 68 N.C. App. 320, 315 S.E. 2d 323, *disc. rev. denied*, 311 N.C. 401, 319 S.E. 2d 271 (1984). No grounds for the motion appear of record though it appears that the ground asserted was insufficiency of the evidence. We will consider denial of the motion on that basis. *See Anderson v. Butler*, 284 N.C. 723, 202 S.E. 2d 585 (1974). Because of non-compliance with our Rules, other questions relating to the form of the issues submitted and the jury instructions are not before us. App. R. 10(b)(2); *Kim v. Professional Business Brokers, Ltd.*, 74 N.C. App. 48, 328 S.E. 2d 296 (1985) (failure to object to issues before jury retires waives objection on appeal).

A motion for directed verdict by a defendant tests the legal sufficiency of the evidence to go to the jury. On a directed verdict motion, plaintiff's evidence must be taken as true and considered in the most favorable light, with every reasonable favorable inference. *Koonce v. May*, 59 N.C. App. 633, 298 S.E. 2d 69 (1982). In "borderline" civil cases, the court should submit the case to the jury to avoid unnecessary appeals and retrials. *Cunningham v. Brown*, 62 N.C. App. 239, 302 S.E. 2d 822, *disc. rev. denied*, 308 N.C. 675, 304 S.E. 2d 754 (1983). A party may even allege and prove inconsistent or alternative theories without subjecting the case to directed verdict. G.S. 1A-1, R. Civ. P. 8(e)(2); *Alpar v. Weyerhaeuser Co., Inc.*, 20 N.C. App. 340, 201 S.E. 2d 503, *cert. denied*, 285 N.C. 85, 203 S.E. 2d 57 (1974).

[2] Defendants argue that since plaintiff admitted that there was no agreement to pay, the court should not have submitted the issue: "Did plaintiff and defendants have an agreement regarding

his providing labor and materials in the construction upon defendant's [sic] property?" Plaintiff did not have to prove an express promise by defendants to pay him in cash for his services. A contract implied in fact is a genuine agreement, which, although not necessarily fully expressed in words, arises out of the conduct of the parties. *Ellis Jones, Inc. v. Western Waterproofing Co., Inc.*, 66 N.C. App. 641, 312 S.E. 2d 215 (1984) (contract implied in fact); *Humphrey v. Hill*, 55 N.C. App. 359, 285 S.E. 2d 293 (1982) (requisites of service contract). Plaintiff's evidence, if believed, showed an expectation, based on defendants' conduct, that plaintiff would be compensated, not in cash, but with an interest in the house, in exchange for his services. His admission that there was no agreement that he be "paid" must be understood in light of his expectation that he would receive an interest in the real property, and is not dispositive. We hold that this issue was properly submitted to the jury.

[3] Defendants also contend that the issue of unjust enrichment was erroneously submitted to the jury. When one's real property is improved or paid for based upon the owner's unenforceable promise to convey the land or some interest therein, unjust enrichment may arise. *Collins v. Davis*, 68 N.C. App. 588, 315 S.E. 2d 759, *aff'd*, 312 N.C. 324, 321 S.E. 2d 892 (1984) (per curiam). That clearly was the case here. *McCoy v. Peach*, 40 N.C. App. 6, 251 S.E. 2d 881 (1979), is distinguishable. There the issue of unjust enrichment was never reached, but the case was dismissed on procedural grounds. We hold that the jury was properly permitted to consider this issue as well. *Collins v. Davis, supra.*

[4] In their discussion of the previous questions defendants contended that plaintiff failed to overcome the presumption of gift arising out of the family relationship. *See Wright v. Wright*, 305 N.C. 345, 289 S.E. 2d 347 (1982). Defendants cite no authority, nor have we found any, that creates a presumption of gift where the services are rendered for one's parents-in-law as opposed to being rendered to a spouse (as in *Wright*). It is undisputed that title to the property has remained at all times in the Mabes and that Carolyn has no legal interest in it. She has only an expectation of an inheritance. Accordingly, the presumption of gift argument is without merit.

[5] Defendants contend that when the jury answered "yes" to both the agreement and unjust enrichment issues, there was

created a fatal inconsistency in the judgment. It is true that an express contract and an agreement implied in fact cannot co-exist. *John D. Latimer & Assocs. v. Housing Authority*, 59 N.C. App. 638, 297 S.E. 2d 779 (1982). As we noted above, plaintiff's evidence showed an agreement implied in fact, not an express contract, and an implied agreement does not bar a claim based on unjust enrichment. *Collins v. Davis, supra.* At worst, the jury answered yes to alternative theories of liability; either way defendants are liable. Defendants do not suggest that the jury allowed double recovery. By this assignment of error defendants have failed to show prejudice.

[6] Defendants attack the sufficiency of the evidence to support the amount of damages awarded to plaintiff. They rely on evidence regarding Carolyn's savings, contending that these monies were applied to the house and not to the newly wed couple's marital expenses. There was evidence supporting both theories, however, and the question was for the jury. We note that defendants neglected to consider here the presumption that those funds were expended as gifts to the marital economy. *Wright v. Wright, supra.* There was no evidence, other than oral assertions, that they were earmarked for the house. Defendants further attack the award on the ground that it is not supported by plaintiff's evidence as to hours worked and hourly payment. Plaintiff's evidence showed some 920 hours worked at tasks compensated in the area at rates ranging from $4.00 per hour to $5.00 per hour and higher (plaintiff put on evidence that his painting skill was above average) and that the work he did was generally of good quality. Evidence tending to detract from these figures and the quality of the work was for the jury to consider. Apparently the jury believed plaintiff. The total award can be simply arrived at by adding full payment for hours worked ($3680 or more) to one-half the joint marital expenses about ($7,400 × 1/2 = $3,700). Since it is adequately supported, the award must stand. *Standard Oil Co. v. Banks*, 183 N.C. 204, 111 S.E. 2 (1922) (jury's finding conclusive); *Willis v. Western Union Telegraph Co.*, 188 N.C. 114, 123 S.E. 307 (1924) (jury's discretion as to damages not reviewable).

[7] Defendants contend that the verdict against Carolyn Mabe Hall is erroneous, in view of the fact that she has never had title to the house. We agree. While Carolyn may share ultimately in

the actual benefits of plaintiff's work, her parents are the only parties who have legally benefited and therefore are the only ones legally responsible. Judgment should be vacated as to Carolyn.

[8] The trial court refused to submit the issue of indignities to the jury, and defendants assign error. Apparently the evidence that they rely on is (1) that plaintiff, when the parties separated, told Carolyn that she should pay 50% of all living expenses or "get out" and (2) that he wanted her wedding ring back. While the legislature and the courts have consistently declined to attempt a specific definition of indignities, *see Barwick v. Barwick*, 228 N.C. 109, 44 S.E. 2d 597 (1947), isolated instances of misconduct such as those alleged here clearly do not constitute a sufficient pattern of conduct to justify divorce. *See Sanders v. Sanders*, 157 N.C. 229, 72 S.E. 876 (1911); 1 R. Lee, N.C. Family Law Section 82 (4th ed. 1979). The assignment is overruled.

Defendants have shown no error in the trial. The only error requiring further attention is the erroneous entry of judgment against Carolyn Mabe Hall. That portion of the judgment is vacated, leaving intact the judgment against the remaining defendants.

As to defendants Preston H. Mabe and Lorene B. Mabe, no error.

As to defendant Carolyn Mabe Hall, vacated.

Judges WHICHARD and COZORT concur.