CAROL WATKINS v. HATTIE MAE WATKINS AND ARNELL NIXON v. CHARLES WATKINS

No. 8610DC619

(Filed 30 December 1986)

**1. Trusts § 13.1— purchase of house—express trust—sufficiency of evidence**

    The evidence was sufficient to support a verdict finding that plaintiff and her husband held property for the female defendant pursuant to an express trust where plaintiff's husband testified that he and plaintiff agreed at a family meeting to obtain a loan to purchase a house and to take title to the house in their names, that the female defendant agreed to make all the mortgage payments, and that everyone, including plaintiff, understood that the house would be owned by the female defendant and it would be her responsibility to make the payments on the loan.

**2. Trusts § 13.2— purchase of house—resulting trust—sufficiency of evidence**

The evidence was sufficient for the jury on the issue of resulting trust where it tended to show that plaintiff and her husband agreed to obtain a loan to purchase a house and to take title in their names; the female defendant agreed prior to the transfer of title to make all of the mortgage payments; and the female defendant paid the closing costs for the house and made all the mortgage payments with the assistance of two of her sons.

Judge JOHNSON concurring in the result.

Judge GREENE concurs in the result.

APPEAL by plaintiff from *Payne, Judge.* Judgment entered 24 February 1986 in District Court, WAKE County. Heard in the Court of Appeals 9 December 1986.

This civil proceeding was commenced by plaintiff when she sought to have the magistrate summarily eject defendants from the premises at 1011 Greenwich Street, Raleigh, North Carolina. From the magistrate's judgment for plaintiff, defendants appealed to the district court.

The evidence at trial tends to show the following: Plaintiff, Carol Watkins, is married to Charles Watkins, who is defendant Hattie Watkins' son. In 1973, Hattie and her son, Linwood, wanted to buy a house, but were unable to obtain a loan to do so. Hattie and Linwood discussed with Carol and Charles about purchasing a home using Charles' veteran's eligibility to obtain a loan. The parties agreed that a house located at 1011 Greenwich Street in Raleigh, the premises in question, would be purchased, that the deed for the property would be put in the names of Carol and Charles, and that the purchase would be financed by a loan obtained by Carol and Charles. Defendants' evidence tends to show that all the parties agreed that Hattie would pay the closing costs and all the mortgage payments and that the house would belong to her. Defendants' evidence further tends to show that Hattie paid the closing costs of $2,000, made all of the mortgage payments with contributions from Linwood and her daughter, Arnell, and paid for all of the repairs on the house. Plaintiff's evidence tends to show that the parties had agreed that Hattie would rent the house and pay rent in the form of mortgage payments. Plaintiff's evidence further tends to show that Hattie paid the mortgage payments for only six to eight months and plaintiff and Charles made the rest of the payments. Plaintiff's evidence

also tends to show that she and Charles paid for the repairs to the house.

At the close of the evidence, the following issues were submitted to and answered by the jury as indicated:

    1. Is the property held under an express trust by Carol and Charles Watkins?

    Answer: Yes.

    2. Is the property held under a resulting trust by Carol and Charles Watkins?

    Answer: Yes.

    3. Is the property held under a constructive trust arising out of fraud on the part of Carol Watkins?

    Answer: No.

    4. What amount, if any, is Carol Watkins entitled to recover of Hattie Mae Watkins for monies loaned to Hattie Watkins for the purpose of making payments on the mortgage?

    Answer: -0-

On 24 February 1986, the trial court entered judgment on the verdict, declaring that Carol and Charles Watkins "hold title to the property described in the Complaint impressed with both a resulting and an express trust in favor of Defendant Hattie Mae Watkins, and that Hattie Mae Watkins owns the land in fee simple absolute." On 16 January 1986, plaintiff made a motion for a new trial, which was denied. Plaintiff appealed.

*M. Jean Calhoun for plaintiff, appellant.*

*Kirk, Gay & Kroeschell, by Joseph T. Howell, for defendants, appellees.*

HEDRICK, Chief Judge.

[1] By Assignment of Error No. 4, based upon Exceptions Nos. 1 and 7, plaintiff contends that the trial court erred in denying her motion for directed verdict with respect to express trust. Plaintiff argues that the evidence was not clear and convincing that she

and Charles held the property for defendants pursuant to an express trust and that the issues should not have been submitted to the jury. We disagree.

It is uniformly held to be the law in North Carolina that "where one person buys land under a parol agreement to do so and to hold it for another until he repays the purchase money, the purchaser becomes a trustee for the party for whom he purchased the land, and equity will enforce such an agreement." *Bryant v. Kelly*, 279 N.C. 123, 129-30, 181 S.E. 2d 438, 442 (1971) (citations omitted). Whenever land is conveyed to one party under such an agreement, whether this agreement is made at the time of conveyance or before, an express trust is created. *Owens v. Williams*, 130 N.C. 165, 41 S.E. 93 (1902). Where competent evidence is introduced to establish a parol trust, it is the duty of the judge to submit the issue to the jury and for the jury to decide whether the evidence is clear, strong, convincing and cogent. *Taylor v. Wahab*, 154 N.C. 219, 70 S.E. 173 (1911).

In the present case Charles Watkins testified that at the family meeting he and plaintiff agreed to obtain a loan to purchase the house and to take the title to the house in their names, and Hattie agreed to make all of the mortgage payments. He further testified that everyone, including plaintiff, understood "from day one" that the house would be owned by Hattie and it would be her responsibility to make the payments on the loan, obtained in his name to purchase the property. We hold the evidence in this case is sufficient to raise the issue of express trust and to support the verdict thereon, and the trial court correctly denied plaintiff's motion for directed verdict.

[2] Plaintiff also assigns as error the trial court's denial of her motion for directed verdict on the issue of resulting trust. Plaintiff contends that the evidence was insufficient to raise the issue of resulting trust. Plaintiff argues that all of the evidence shows that Hattie did not pay the entire purchase price or obligate herself to do so at or before the transfer of the title to the property, and therefore that a resulting trust did not arise. We disagree.

In *Bryant v. Kelly*, 279 N.C. 123, 129, 181 S.E. 2d 438, 441 (1971), our Supreme Court held that "a resulting trust arises, if at all, in the same transaction in which legal title passes, and by vir-

tue of consideration advanced before or at the time legal title passes, and not from consideration thereafter paid." Where less than the entire purchase price is paid at the time of purchase, the party seeking imposition of the trust must have incurred an absolute obligation to pay the remainder as a part of the original transaction of purchase at or before the time of conveyance. *Waddell v. Carson*, 245 N.C. 669, 97 S.E. 2d 222 (1957). The person seeking the imposition of a resulting trust need not be obligated directly to the grantee's lender; it is sufficient if he is obligated to the grantee, pursuant to a promise made before title passes, to make payments to the grantee for the remainder of the purchase price. *Ray v. Norris*, 78 N.C. App. 379, 337 S.E. 2d 137 (1985), *disc. rev. denied*, 316 N.C. 378, 342 S.E. 2d 897 (1986).

In the present case, there is evidence in the record tending to show that Hattie paid the closing costs for the house and agreed, prior to the transfer of title to Charles and Carol, to pay all of the mortgage payments. There is also evidence in the record tending to show that she made all of the mortgage payments, with the assistance of Linwood and Arnell. We hold that this evidence is sufficient for the jury to find that a resulting trust arose when Charles and Carol purchased the property and that the trial court correctly denied plaintiff's motion for directed verdict on this issue.

By Assignments of Error Nos. 7 and 8 purportedly based on Exceptions Nos. 7 and 8, plaintiff contends the trial court erred in denying her motion for a new trial on the grounds that: 1) the evidence was insufficient to justify the verdict; 2) the verdict was contrary to law; 3) manifest disregard by the jury of the court's instructions; and 4) "the irregularities and the surprise which occurred with the presentation of the defendant's evidence lead to evidence which was not able to be discovered and produced at trial by plaintiff." A motion for a new trial pursuant to G.S. 1A-1, Rule 59 is addressed to the discretion of the trial judge, and the court's ruling thereon is not reviewable on appeal absent a manifest abuse of discretion. *Worthington v. Bynum and Cogdell v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982). We have reviewed the record and hold that the record does not disclose that the trial court abused its discretion in denying plaintiff's motion for a new trial. These assignments of error are without merit.

By Assignments of Error Nos. 1 and 3, purportedly based on Exceptions Nos. 1, 3 and 7, plaintiff argues that the trial court erred in submitting issues and instructions on express trust and resulting trust. These assignments of error and exceptions do not raise questions for review not heretofore discussed. These assignments of error are meritless.

We have reviewed plaintiff's additional assignments of error, and find them to be wholly without merit.

No error.

Judges JOHNSON and GREENE concur in the result.

Judge JOHNSON concurring in the result.

I concur in the opinion up to the summary discussion of Assignments of Error Nos. 1 and 3, based on Exceptions Nos. 1, 3, and 7 wherein plaintiff contends that the court erred by submitting issues and instructions on express and resulting trusts in such manner that the jury was able and, in fact, did reach what appears to be inconsistent verdicts. I disagree with the opinion that these Assignments of Error raise questions already discussed in the opinion; therefore, I wish to more fully address these Assignments of Error.

A resulting trust issues from equity; whereas, an express trust issues from the remedies available at law. It is a fundamental rule that equity will not lend its aid where a plaintiff has a full and complete remedy at law. *Jefferson Standard Life Ins. Co. v. Guilford County*, 225 N.C. 293, 34 S.E. 2d 430 (1945). Hence, the court should have instructed the jury to the effect that if the jury answered "yes" to issue 1, it need not address issues 2 and 3, but that if it answered "no" to issue 1, it should go on to issue 2. Likewise the court should have instructed the jury in the alternative regarding issues 2 and 3. By instructing the jury as it did, the court allowed the jury to reach what appears to be inconsistent verdicts. A cardinal distinction between an express trust and a trust by operation of law, which includes a resulting trust, is that the former is based upon a direct declaration or expression of intention embodied in a contract, whereas the latter is raised by a presumption of law based on acts or conduct that are *not* a

direct declaration of intention. *Bowen v. Darden*, 241 N.C. 11, 13, 84 S.E. 2d 289, 291 (1954) (emphasis added). Where there is an express contract, no implied contract can exist. *John D. Latimer & Assoc. v. Housing Authority of Durham*, 59 N.C. App. 638, 642, 297 S.E. 2d 779, 782 (1982). Plaintiff here has failed to show prejudice; hence, the error is not fatal. "At worst, the jury answered yes to alternative theories of liability." *Hall v. Mabe*, 77 N.C. App. 758, 762, 336 S.E. 2d 427, 429 (1985). Either way plaintiff cannot prevail and the property is impressed with a trust in favor of defendant Hattie Watkins, who is entitled to own the land in fee simple absolute, subject to her promise to pay the remainder of the purchase price. *See Ray v. Norris*, 78 N.C. App. 379, 337 S.E. 2d 137 (1985), *disc. rev. denied*, 316 N.C. 378, 342 S.E. 2d 897 (1986).