Nash, C. J.
 

 It is well settled, that where an executor sues upon the possession of his testator, he must sue as executor, because he must make profert in his declaration of his letters testamentary ; and where he sues upon his own possession, he must declare in his own name, because his possession has fixed him with assets. It is equally well settled, tfiat when the executor sues “ as executor,” when in fact the action is brought on his own possession, the words “ as executor” are considered as mere surplusage.
 
 Hornsey
 
 v. Dimocke, 1st Ventris 119; Oomyns’ Digest Pleader, (2 D. 1.) It is not a question of amendment; there is no necessity for strikking out the words ; the Court consider them as not being in the declaration. If then the plaintiff did assent to the legacy to himself, the action is well brought. Upon this point, (that of the form of action,) his Honor left it as a question of fact to the jury, to say whether there had been an assent on the part of the plaintiff to the legacies to him, and instructed them if they found an assent, then their verdict should be for the defendant. The prayer of the defendant was for an instruction, that the evidence proved an assent, and if so, prayed the Court to charge the jury that the form of the action was misconceived. We have shown that if there was an assent, the action was not misconceived ; in this part of the charge there is no error. Upon the other points ruled by his Honor, it is unnecessary to remark; they were in favor of the plaintiff, the appellant, and of course, he has no cause of complaint; the ruling, however, we may say, was entirely correct.
 

 
 *357
 
 Por the error with respect to the form of the action, the judgment is reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 

 Judgment reversed.