This cause came before us upon a demurrer to the complaint, which was overruled and the defendants directed to answer. The case appears in151 N.C. 46, which is referred to for the general *Page 224 
outlines of the plaintiff's allegations. Since then the plaintiff has filed an amended complaint in which she sets out her demands with much particularity and embodies in her pleading eleven prayers for judgment. As the several forms of relief asked are dependent upon the establishment by the plaintiff of a few leading propositions, it will not be necessary to consider her various demands seriatim.
(285) There are some exceptions to the evidence presented upon the record, but, in the view we take of the case, it is unnecessary to consider them, as we have taken into account all the evidence offered by the plaintiff or relied upon to support her contentions, whether admitted or not.
1. It is contended by plaintiff that her father, Robert T. Wilson, during his lifetime purchased and paid for certain valuable lands in the county of Pitt, including a tract called the McDowell land; that while the purchase money was furnished and paid by her father, the deed was made, at her father's request, by the vendors to his wife, the defendant Julia, who is plaintiff's mother.
It is further averred that the defendant Julia held the said lands in trust for her said husband, and that on 23 January, 1899, R. T. Wilson and his said wife executed and delivered to their son, the defendant Jesse P. Wilson, a deed conveying said lands to him; but that at the time of, as well as before, the delivery of said deed, the grantors therein impressed upon the title a parol trust binding upon the grantee and accepted by him, to the effect that the said Jesse P. Wilson should receive and hold the naked legal title to said lands in trust to convey the same to whomsoever the said R. T. Wilson, grantor, should direct and appoint, either by deed, will, paper-writing, or orally, for the purpose of making a proper and equitable division of the lands conveyed and of other property, personal, real, and mixed, of which the said R. T. Wilson was seized and possessed, between his two children, the plaintiff Bessie and the defendant Jesse P. Wilson.
There are insuperable obstacles to the establishment of this alleged trust. Assuming, for the sake of argument, that it is competent to fasten such a trust upon the wife in behalf of her husband, there is no evidence whatever in this record tending to establish it, or that she accepted the lands other than as a gift or provision made for her by her husband. The mere fact that the husband paid the purchase money and had the deed made by the vendor to his wife does not create a resulting trust in his favor. While it is an established principle of equity that an (286) equitable interest in land is drawn "as if by irresistible magnetic attraction" to the one who pays the purchase money for it, this principle does not apply where the husband furnishes the money and has the deed made to the wife. *Page 225 
The law presumes in such case that the property is given as a gift or provision for the wife's benefit, as the husband is under a moral as well as legal obligation to support her. Thurber v. LaRoque, 105 N.C. 307;Flanner v. Butler, 131 N.C. 153. This principle is reversed where the wife supplies the purchase money and the deed is made to the husband, in which case a trust results in her favor.
There is abundant evidence that R. T. Wilson attempted, when he delivered the title deed to his son, to impress upon it the trust averred in the complaint. Whatever may be the moral obligation of the son to heed and carry out the wishes of his parent as a trust which the law can enforce, it must fail.
The principle is well established in this State that where the grantee accepts a deed for property for which he himself pays nothing, under agreement, accompanying the delivery, that he will hold the same for the benefit of or convey the same to a third person, a parol trust is created in favor of the latter. But it is held that the grantor, in delivering a deed, cannot retain control of the property and, by parol, create a trust to be thereafter enforced in his own favor. Gaylord v. Gaylord,150 N.C. 222. But, assuming, as is contended, that the trust attempted to be created was not solely for the benefit of R. T. Wilson, but to secure a fair division of the property between his two children, we have shown that the land did not belong to R. T. Wilson, but to his wife; and how could he impress a trust upon her property?
It cannot be successfully contended that the real estate of a married woman can be passed contrary to the intent as expressed by her in a written deed, because she sat silently by and heard her husband state before and after the execution of the said instrument that part of the lands thereby conveyed were intended for some person whose name does not appear in the written instrument. The husband is not his wife's agent, and his admissions do not bind her. Strother v. R. R., 123 N.C. 198;Thurber v. LaRoque, supra; Smith v. Bruton, 137 N.C. 80. (287) Assuming that the vague expressions uttered by the wife on the occasion were sufficient to impress a trust upon the land in the hands of her son, which we do not admit, a woman under coverture cannot create a trust by parol or in any other manner except by embodying it in a written instrument, with her husband's consent, to which her privy examination must be taken as required by our law. This is the logical deduction from all of our numerous decisions. Farthing v. Shields, 106 N.C. 289;Thurber v. LaRoque, supra, and cases cited. She can only dispose of or encumber her real property in the way prescribed by the Constitution and statute-law of the State.
It not only follows as the logical result of our many and uniform decisions, but it is held elsewhere, and stated by text-writers, that a *Page 226 
married woman can not, where her legal status and right to convey is regulated as in this State, create a parol trust in land, and that to do so would be but a subterfuge to evade the provisions of the statutes protecting her. The privy examination, absolutely essential to the validity of the conveyance, can only extend to what appears to the examining officer upon the face of the instrument. Cord Legal and Equitable Rights of Married Women, sec. 689; Lewin on Trusts, p. 23. "This principle," says the learned editor of A. E. Enc., "would surely apply to the creation of a trust of her own property, but quaere whether applicable to her declaration as to property of which the beneficial interest was never in her." Vol. 28, p. 881, note 5, and cases cited, 16 Cal. 534. This is based upon the theory that the creation or declaration of a trust in lands is a conveyance of an interest therein. Hence, the same reason which renders the deed of a married woman void as a conveyance of the title would render void an attempted declaration of a trust by her.
This is held by the courts in States having statutes similar to ours.Tatge v. Tatge, 34 Minn. 272; 65 Pa. State, 386; Purcell v. Goshorn, 17 Ohio, 105.
(288) It would seem, therefore, that the plaintiff must fail in her first contention.
2. The next contention of the plaintiff is that R. T. Wilson and the defendants Julia H. and Jesse T. Wilson, in the year 1900, executed and delivered to her a deed in fee for the McDowell land, and that said deed has been either destroyed or lost. Plaintiff asks that said deed be established by the judgment of the court, that she recover the McDowell lands, and that defendant Jesse account to her for the rents and profits thereof.
There is evidence by the plaintiff that a deed to her for the McDowell land was executed in August, 1902, by her father and the two defendants and delivered to her; that it was proven before a justice of the peace, and that it has been lost or destroyed and never recorded. The execution of such instrument is denied.
At the time of the alleged execution of said deed the legal title to the McDowell land, subject to the life estate of his parents, was in the defendant Jesse, and he was a minor about 15 years of age. There is no evidence that, since becoming of age, he has ever ratified and confirmed the deed. On the contrary, in his answer, he denies its execution, which is a repudiation of it. The plaintiff seeks to avoid this by averring that the defendant, though a minor, in executing the deed was but giving effect to a power of appointment and disposition reserved by his father, and was carrying out the trust impressed upon his title in 1899, and that a minor may execute a valid deed in pursuance of a trust.
As we have held that the legal title made to the defendant Jesse by the deed of 23 January, 1899, was not impressed with any trust, and that *Page 227 
R. T. Wilson had no power of disposition over the fee after the execution of that deed, this contention of the plaintiff cannot be successfully maintained.
3. It is further averred that, prior to the execution of the deed to Jesse, the father, R. T. Wilson, executed his last will and testament, by which he devised to plaintiff the McDowell land and one-half of all his real and personal estate; and that soon after the death of the testator this will was destroyed by the defendants in pursuance of a conspiracy entered into with defendant Julia's sister to defeat the (289) plaintiff of any interest in her father's estate. Plaintiff further avers that after the execution of said deed in 1899 to Jesse, the father, R. T. Wilson, executed another paper-writing specifying in every particular how his estate should be divided between his two children, and declaring in it that he had reposed the legal title to his lands in his son for the purpose of bringing about an equitable division of his estate between him and his sister. Plaintiff asks that these paper-writings be established by decree of the court.
These paper-writings are worthless as evidence of a declaration of a trust impressed by R. T. Wilson upon the legal title transmitted to his son by the deed of 23 January, 1899, for the reason, as we have shown, that said Wilson did not own the lands, and had no power when he joined in said deed with his wife to create a trust binding upon his wife.
If the plaintiff desires to set up the paper-writing as a will and devise, for the purpose of claiming under it as a testamentary paper the property, real or personal, devised to her and not covered by the deed of 23 January, 1899, then she should proceed before the clerk of the Superior Court to offer the same for probate.
This Court has held that a will which has been lost or destroyed before probate remains and continues in force as a will. "The only difference between the probate of a will which can be produced and one which has been lost is as to the nature and quantity of the evidence required to prove it. The jurisdiction to prove the will is not changed by its loss." McCormickv. Jernigan, 110 N.C. 406. The form for probate of lost wills, as is said in that case, is in Smith's Probate Law (3 Ed.), 13 A. E. Enc., 1077.
It is further said that the statutes of limitation do not apply to the simple taking of the probate of a will. McCormick v. Jernigan, supra. So the plaintiff may now, if so advised, offer the alleged will for probate in the proper jurisdiction.
4. The plaintiff further avers that R. T. Wilson died in (290) possession of over $10,000 in cash, which came into the possession of these two defendants, and that they have wrongfully appropriated the same as well as the notes, moneys, stock, crops, and provisions of said *Page 228 
Wilson; and plaintiff avers that she is entitled to one-half thereof, and asks for an accounting.
It is unnecessary to discuss the evidence in support of this allegation, as the plaintiff is clearly not entitled to that relief in this action, as it is now presented to us.
It appears, incidentally only, in one of the prayers for judgment that the defendant Julia is the administratrix of her deceased husband; but she has never been made a party to this action in her administrative capacity.
The primary purpose of this action is to declare a trust in behalf of plaintiff, and the accounting is asked as a necessary consequence resulting from the establishment of such trust.
As the plaintiff has failed to establish the trust, her action fails.
In respect to this last demand, her remedy is to commence a proceeding against the administratrix and her brother, the other distributee and heir at law, for an accounting and settlement of the estate of her father, When that account is taken, evidence may be offered as to those sums of money and other property which the administratrix has received or ought to have received, and with which she is properly chargeable.
Upon a review of the entire record, we are of opinion that his Honor properly sustained the motion to nonsuit, and his judgment is
Affirmed.
Cited: Trust Co. v. Sterchie, 169 N.C. 22; Walters v. Walters,172 N.C. 330.
(291)