JOHN A. MURCHISON ET AL. v. M. TAYLOR FOGLEMAN ET AL.

(Filed 29 April, 1914.)

1. Husband and Wife—Joint Estate—Jus Accrescendi.

The right of survivorship applies to estates in land conveyed jointly to husband and wife, and vests in the heirs of the one surviving the other.

2. Same—Issues—Uses and Trusts—Trials—Deeds and Conveyances —Registration.

Where from the pleadings and evidence in an action to recover lands, brought by the heirs at law of the husband against the heirs at law of the wife, the rights of the parties depend upon the question of whether the lands were bought solely by the husband, to whom the conveyance was made, or partly with the moneys of the wife with the mutual intention that it should belong to them both jointly for a home, an issue is held sufficient and determinative: "Was the land in question purchased and paid for jointly by W. and N. as a home for both of them, as alleged in the answer?" And this issue being answered in defendant's behalf, the effect of the judgment accordingly rendered would be that after the death of the husband the principle of *jus accrescendi* would apply, the husband holding the title in trust for them both jointly, and it would become immaterial between the parties, being the heirs at law, whether the deed to the husband was permitted to be recorded pending the trial; and held further, that the failure to submit an issue raised by the answer asking for affirmative relief would not be prejudicial to the plaintiffs.

APPEAL by plaintiff from *Devin, J.,* at October Term, 1913, of ALAMANCE.

The plaintiffs sue as heirs at law of W. G. Murchison, to recover a tract of land fully described in the pleadings, of which they allege W. G. Murchison died seized and possessed. They allege that W. G. Murchison held this land under a deed from John R. Euliss and wife, dated in 1882, and that he had continuous possession of it until his death in 1902, and that then his widow continued in possession until her death in April, 1911. That said deed had never been registered, and that the same was lost or that it was in possession of defendants.

The defendants answered and denied the plaintiffs were the owners of the land, and alleged that the defendants were the owners thereof, as the heirs at law of Nellie Murchison, wife of W. G. Murchison, who before her marriage was Nellie Fogleman; that at the time of the purchase of the property from John R. Euliss and wife, the said Nellie Murchison furnished more than half of the purchase money, and that the deed was intended to be a joint one, and they averred that John R. Euliss and wife executed another deed after the death of W. G. Murchison, on 12 February, 1909, and conveyed this property to Nellie Murchison.

The plaintiffs were permitted to introduce in evidence a deed, dated 9 May, 1882, executed by John R. Euliss and wife to W. G. Murchison, conveying to W. G. Murchison the real property described in the complaint. This deed was produced in open court by one of the defendants, M. Taylor Fogleman, under a subpœna *duces tecum.* John R. Euliss, the grantor in this deed, testified that in 1882 he lived on Cane Creek, in that part of Chatham County which was afterwards, in a proceeding in court to straighten the line between the two counties, adjudged to be a part of Alamance County; that he executed the deed dated 9 May, 1882, conveying the property to W. G. Murchison, and delivered it to W. G. Murchison, and that two months thereafter W. G. Murchison moved on the land and lived there to his death in 1902; that W. G. Murchison came to him to buy this property, and told him he had some money and his wife had some, and they wanted to buy this property so as to stop renting land and as a home for himself and wife, and that the trade was made, and that he, the witness, John R. Euliss, had the deed prepared and took it to where Murchison and his wife lived, and that W. G. Murchison, in the presence of his wife, Nellie Murchison, paid to this witness the sum of $150, and he delivered to them the deed; that in the fall thereafter he paid the other $100; that after the death of W. G. Murchison he executed the other deed to Nellie Murchison. That he did it because he was convinced that at the time the land was bought it was bought as a home for W. G. Murchison and Nellie

Murchison; that Nellie Murchison lived on the land and controlled it and got all the rents after the death of W. G. Murchison, until her death.

At this point plaintiffs moved for permission to withdraw the deed of 1882 from the custody of the court, to have the same probated and placed of record, or that they be permitted to have the same probated and placed of record while in the custody of the court. Both of these motions were overruled, and plaintiffs excepted.

The witness John R. Euliss being recalled, further testified that Nellie Murchison, wife of W. G. Murchison, died in April, 1911, and that for two years before she died he saw her, and she was confined to her room, and had to be confined because she was demented, and that she was so confined at the home of the defendant M. Taylor Fogleman.

There was evidence introduced that the plaintiffs were the heirs at law of W. G. Murchison.

The defendants introduced in evidence a deed from John R. Euliss and wife to Nellie Murchison, dated 22 February, 1909, and duly registered in the office of the register of deeds for Alamance County.

This deed specifically refers to the deed from John R. Euliss and wife to W. G. Murchison.

The defendant further introduced evidence that of the $250 paid for the land in 1882, that $150 was the money of Mrs. Nellie Murchison, and that the property was bought as a home for W. G. Murchison and Nellie Murchison.

The plaintiff tendered the following issue: "At the time of the execution of the deed from John R. Euliss and wife to W. G. Murchison, dated 9 May, 1882, was a mistake made in not executing it to W. G. Murchison and wife, Nellie Murchison?" The court refused to submit this issue, and plaintiffs excepted.

The court submitted the following issue: "Was the land in question purchased and paid for jointly by W. G. Murchison and Nellie Murchison, as a home for both of them, as alleged in the answer?" And the plaintiffs excepted.

The issue was answered in the affirmative, and judgment was entered thereon adjudging the title to the land to be in the defendants, and the plaintiffs excepted and appealed.

*J. C. Cook and Parker & Parker for plaintiffs.*
*Long & Long for defendants.*

ALLEN, J. The issue submitted to the jury arises upon the pleadings, and if determinative of the rights of the parties, and sufficient to sustain the judgment, the other exceptions become immaterial, because the plaintiffs could not be benefited by the registration of the deed under which they claim, if the judgment deprived them of title, and the failure to submit an issue raised by the allegations of the answer, asking for affirmative relief, would not be prejudicial to the plaintiffs, and that the issue is determinative and sufficient, is decided in *Ray v. Long,* 132 N. C., 892, which is approved in *Stalcup v. Stalcup,* 137 N. C., 307.

In the *Ray* case the only issue submitted to the jury, "Was purchase money paid for the land in controversy furnished equally by Elizabeth A. Ray from her separate estate and by H. M. Ray to procure a home for said H. M. Ray and wife?" is in substance the same as the one in this action, and as to the sufficiency of the issue the Court says:

"This issue was objected to as insufficient by the defendant, who tendered seven different issues. We think that the issue as submitted was sufficient in form and substance to present every material fact necessary to a determination of this case." And as to its effect:

"We come now to the legal effect of the verdict. The jury have found upon competent evidence and under proper instructions that the purchase money for the land in question was furnished equally by the plaintiffs, who are husband and wife, for the purpose of procuring a home for them.

"When the case was here before, it was held that, with or without an agreement, if the wife's money went into the purchase of the land, a resulting trust was created whereby the husband became a trustee for his wife to the extent of her interest.

Under the facts as now found, the wife had a right to demand a conveyance jointly to herself and her husband; and she would now have a right to have the deed reformed so as to give full force and effect to her equities. This is the practical result of the judgment in this case, certainly as between the parties. The effect will be to create an estate in entireties, in which the parties will hold, in the ancient language of the law, *per tout et per my.*"

It has also been settled since the case of *Motley v. Whitemore,* 19 N. C., 537, that in such estates, conveyed to husband and wife, the rule of survivorship prevails, and as Mrs. Murchison survived her husband, the whole estate vested in her, and descended to her heirs.

No error.