## C. V. FREEMAN v. J. E. ROSE.

(Filed 15 December, 1926.)

**Deeds and Conveyances—Trusts—Principal and Agent—Title.**

A deed to lands made to the grantee as "trustee" or "agent" immediately following his name, without further indication that he is to take in a representative capacity appearing thereon, conveys the fee-simple title to the grantee, individually, the words "trustee" or "agent" being regarded as words "*descriptio personæ.*"

APPEAL by defendant from *Schenck, J.,* at September Term, 1926, of MECKLENBURG, from a judgment renderd on the following verdict:

1. Did the respective deeds mentioned in the complaint, copies of which are attached thereto as Exhibits "A," "B," "C," and "D," convey to and vest in the grantee therein named, John T. Patrick, individually an absolute fee-simple title to the respective tracts of land described in each of said deeds?

Answer: Yes.

*Wellons & Wellons for plaintiff.*
*T. C. Guthrie for defendant.*

FREEMAN *v.* ROSE.

ADAMS, J. On 16 June, 1926, the plaintiff and the defendant made a written contract whereby the defendant agreed to purchase and the plaintiff agreed to convey to the defendant three lots or parcels of land in Rutherford County in consideration of one thousand dollars to be paid upon the execution and delivery of the conveyance. The plaintiff and his wife duly executed a deed in fee with the usual covenants of warranty for the transfer of the three lots as agreed and made tender thereof to the defendant; but the defendant refused to accept the deed on the ground, as he contends, that the lots had been conveyed to John T. Patrick, under whom the plaintiff claims, as agent or trustee, and that Patrick held his title thereto in a representative capacity. It is admitted that after Patrick's death the lots in question were sold to make assets for his estate under a special proceeding properly instituted for this purpose, and that the plaintiff by *mesne* conveyances is the owner of whatever title Patrick acquired under his deeds.

In the deeds executed by W. D. Wilson and wife and by Edgar W. Flack for the two lots first described in the deed tendered to the defendant the grantee is John T. Patrick, agent, and in the deeds executed by the Chimney Rock Improvement Company and J. M. Flack and wife on 18 November, 1916, the grantee is John T. Patrick, trustee. If by virtue of these deeds John T. Patrick acquired the fee in his own right and not as agent or trustee, the plaintiff can convey to the defendant an indefeasible title and the defendant must accept the plaintiff's deed and pay the purchase price. Whether these grantors conveyed an estate in fee is the question to be determined.

With respect to conveyances of this character the general principle may be stated as follows: The word "agent" or "trustee" inserted immediately after the name of the grantee may be *descriptio personæ* and ordinarily it will be so construed unless the contrary can be inferred from the instrument. Whether such inference is permissible usually depends upon the circumstances of the particular case. To be valid a trust must be created in such a way as to manifest its nature and conditions, and the entitling of the grantee as agent or trustee, nothing more appearing, is generally regarded as matter of description and not of substance. Of course under some conditions the use of such a title may indicate a representative capacity, as in *Gold Mining Co. v. Lumber Co.,* 170 N. C., 273.

We find nothing in the deeds to Patrick to indicate that the word "agent" or "trustee" was intended to be other than descriptive or that he took the title other than in his individual capacity. The undisputed evidence shows very clearly that there were no beneficiaries or undisclosed principals to claim an interest in the land; and in response to the issue the jury found that the deeds vested in the grantee an absolute

fee-simple title. The defendant's motion to dismiss the action was, therefore, properly overruled. *Barrett v. Cochran,* 11 S. C., 29; *Cairns v. Hay,* 21 N. J. L., 174; *Fowler v. Coates,* 94 N. E. (N. Y.), 997; *Cotten v. Davis,* 48 N. C., 355; *Clayton v. Cagle,* 97 N. C., 300; *Plemmons v. Improvement Co.,* 108 N. C., 614; *Banking Co. v. Morehead,* 116 N. C., 410; 18 C. J., 275, sec. 240.

No error.