FLORENCE E. GRANT, ALIAS TOATLEY, v. THEODORE TOATLEY.

(Filed 19 September, 1956.)

**1. Deeds § 2b—**

Where a deed is made to a man "and wife," designating a person not the male grantee's wife, without evidence or contention that the conveyance was not intended to be to the *femme* designated and no sufficient evidence of mistake, nothing else appearing, the grantees take as tenants in common, and further upon the jury's finding that the *femme* had furnished at least one-half of the purchase price, a resulting trust in her favor would arise even though she were not designated as a grantee.

**2. Husband and Wife § 14—**

Where a conveyance is made to two persons who are not married, nothing else appearing, they take as tenants in common, it being necessary to the creation of an estate by entirety that there be "unity of person" created by marriage.

JOHNSON, J., not sitting.

APPEAL by defendant from *Froneberger, J.,* May Term 1956, BUNCOMBE.

Civil action for partition.

Plaintiff alleged that she and defendant jointly purchased a lot in Asheville and were cotenants, each owning an undivided half interest. She prayed for a sale for partition.

Defendant denied the cotenancy. He alleged that he furnished all the purchase money and that title was vested solely in him or in him and his wife, Lovey Toatley; that Florence Grant, *alias* Toatley, was not his wife. Defendant further pleaded that the grantors, by mistake, inserted the name Florence Toatley in the deed when defendant had directed the conveyance to be made to him and his wife.

The land in controversy was conveyed on 20 May, 1944, by M. F. MEREDITH and wife, DOROTHY N. MEREDITH, to THEODORE R. TOATLEY and wife, FLORENCE TOATLEY.

Plaintiff and defendant executed a purchase money mortgage on the property, reciting that they were husband and wife. Grantor testified that he was instructed to make the deed to Theodore Toatley and wife, Florence Toatley. He identified plaintiff as the party to whom he made the deed. He said the first time he heard of Lovey Toatley was after the institution of this action.

Defendant offered no evidence of a mistake on his part or on the part of the grantors. The nearest suggestion of a mistake is the following testimony of defendant. He said: "At the time I was negotiating with Mr. Meredith about the property I did not tell him how to make the deed. . . . When I purchased the property, I intended the deed to be executed to me or to me and my lawful wife. I have the deed. The deed says Theodore Toatley and wife and on there Florence Toatley, but there has never been a Florence Toatley to my knowledge. . . . My wife was in the Sanatorium at Goldsboro and couldn't attend to her business and that is why Florence Grant's name appears on the front of the documents and deeds."

Defendant married Lovey Patton in April 1926. Shortly after the marriage Lovey was confined in the asylum at Goldsboro where she remained until March 1955.

About 1933 plaintiff and defendant began living together as man and wife and continued to so live until Lovey was released from the asylum and returned to Asheville in March 1955. Defendant procured policies of insurance on his life, naming plaintiff as his wife. They attended church, proclaiming they were husband and wife. That defendant held plaintiff out as his wife is not controverted.

The parties were in sharp disagreement as to who paid for the property. Plaintiff contended that she provided more than half the purchase money. Defendant asserted he paid all the purchase money. This was the only fact in controversy.

This issue was submitted to the jury: "Is the petitioner Florence Grant, *alias* Toatley, the owner of a one-half undivided interest as tenant in common with Theodore Toatley in the property described in paragraph 1 of the Petition?"

The court charged the jury that if they should find from the evidence and by its greater weight that petitioner contributed at least one-half of the purchase price of the property, they should answer the issue in the affirmative; otherwise to answer it in the negative. The jury answered the issue in the affirmative. Thereupon judgment was entered adjudging petitioner to be the owner of an undivided one-half interest in the land described in the petition. Defendant appealed.

*Harold T. Epps for petitioner appellee.*
*I. C. Crawford and L. C. Stoker for respondent appellant.*

RODMAN, J.   Defendant assigns as error the charge of the court, insisting that the court should have charged the jury if they found defendant intended that the beneficial owners of the property were to be Theodore R. Toatley or Theodore R. Toatley and Lovey Toatley, the jury should answer the issue submitted in the negative.

Defendant does not contend that the name of Florence Toatley was not intentionally and deliberately put in the deed.  He does not say that plaintiff is not the person named in the deed as Florence Toatley. He merely contends "that petitioner's name was used merely for the transaction of business because respondent's wife was insane."

The designation of plaintiff as "and wife," cannot, on the facts here disclosed, affect plaintiff's title.  *Freeman v. Rose,* 192 N.C. 732, 135 S.E. 870; *Hodgson v. Dorsey,* 137 A.L.R. 456; 26 C.J.S., Deeds, sec. 99f. (p. 355).

There is no suggestion that plaintiff intended to make a gift of the land to defendant or to defendant and "his lawful wife."  If, as the jury has found, the plaintiff contributed at least half the purchase money, a resulting trust would have arisen in her favor if defendant had, without her knowledge and consent, procured the deed to be executed naming him only as the grantee.

It is said in *Creech v. Creech,* 222 N.C. 656, 24 S.E. 2d 642:

"The overwhelming weight of authority recognizes the general rule that in the absence of circumstances indicating a contrary intent, where the purchase price of property is paid with the money of one person and the title is taken in the name of another, for whom he is under no duty to provide, a trust in favor of the payor arises by operation of law and attaches to the subject of the purchase.  *Harris v. Harris,* 178 N.C. 8, 100 S.E. 125; *Avery v. Stewart,* 136 N.C. 426, 48 S.E. 775; *Summers v. Moore,* 113 N.C. 394, 18 S.E. 712; 26 R.C.L. 1219, s. 64, note 1; 65 C.J., p. 382, s. 154(5), note 14.  The presumption is regarded as so powerful that the payment of the purchase price under such circumstances draws the equitable title to the payor 'as if by irresistible magnetic attraction.' *Ricks v. Wilson,* 154 N.C. 282, 286, 70 S.E. 476.  And a resulting trust in favor of the party paying the consideration will arise, although the conveyance is made to another with the knowledge and consent of the payor.  *Summers v. Moore, supra.*  Such a trust may be established by parol evidence."  *Murchison v. Fogleman,* 165 N.C. 397, 81 S.E. 627; *Tyndall v. Tyndall,* 186 N.C. 272, 119 S.E. 354; *Carlisle v. Carlisle,* 225 N.C. 462, 35 S.E. 2d 418.

The court charged the jury:

"If two persons who are not married to each other purchase property jointly, they become tenants in common, nothing else appearing, and they would be joint owners one-half to each in their interest in the property.

"The Court further says that if two people are under the misapprehension of being married and purchase property as an estate by the entirety, and that later it develops that they are not legally or lawfully married, the estate becomes a tenancy in common rather than an estate by the entirety." The defendant excepted to the foregoing portion of the charge and assigned it as error.

The charge is correct. To create an estate by the entirety there must be "unity of person," that is, the unity created by the marriage—husband and wife. *Freeman v. Belfer,* 173 N.C. 581, 92 S.E. 486; *Johnson v. Leavitt,* 188 N.C. 682, 125 S.E. 490; *Bank v. Hall,* 201 N.C. 787, 161 S.E. 484; *Davis v. Bass,* 188 N.C. 200, 124 S.E. 526; *Carter v. Insurance Co.,* 242 N.C. 578, 89 S.E. 2d 122. When the unity of person, created by the marriage, is lacking, the estate by the entirety cannot exist. A conveyance to two persons who are not married creates, nothing else appearing, a tenancy in common.

No error.

JOHNSON, J., not sitting.