123 So.2d 355 (1960)
Agatha F. ALLEN, Appellant,
v.
Fred A. ALLEN, Appellee.
No. 1704.
District Court of Appeal of Florida. Second District.
September 28, 1960.
Rehearing Denied October 13, 1960.
Ronald Sales, of Fulton, Sullivan & Burns, West Palm Beach, for appellant.
Ned F. Sinder, of Bentley, Miller & Sinder, Lakeland, and Max Ganz, West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a divorce suit brought by the appellant-wife against her husband. The wife also sought restoration of a total of $25,000 which she claimed she had loaned to her husband, but which the husband claimed was a gift. The chancellor entered a decree of divorce and held the property transfers were gifts. This appeal concerns only the phase of the case dealing with the property transfers.
The parties were married in 1958 after a very short acquaintance. The wife was approximately 66 years of age and the husband was 39. From the record it appears that the plaintiff was a woman of some means, while the defendant at the time of the marriage owed various creditors approximately $5,000. Shortly after the marriage, the wife transferred $5,000 to the husband to allow him to pick up his debts. Subsequently, she advanced another $20,000 to allow him to purchase stock in a radio station where he worked. This stock was issued in the parties' joint names, at a cost of $18,000, and the $2,000 difference was retained by the husband. Part of this $2,000 later went toward the purchase of a boat. During their brief marital life of slightly more than eight months the couple resided at the wife's home in Lake Worth.
The complaint for divorce charges the defendant with extreme cruelty. The defendant filed an answer thereto, and the depositions of both plaintiff and defendant were taken. The chancellor denied the plaintiff's motion for summary judgment and allowed testimony on the merits. After completion of the testimony the chancellor decreed in part, as follows:

*356 "* * * The Court finds from the evidence that the Plaintiff in effect invited the Defendant to share the enjoyment of her worldly goods with her, and that the Defendant accepted her invitation with its accompanying benefits and advantages; that the sum of $5,000.00 was a gift to the Defendant, rather than a loan; * * *.
"It is further ordered and decreed that from this day forward the parties shall be taken and considered as owners of the said boat and corporate stock, as tenants in common, each owing [sic] one-half interest therein. * *"
This appeal is limited to the chancellor's disposition of the personal property. The appellant has raised two points, namely: 1) whether she was, as a matter of law, entitled to a summary decree, and 2) whether the chancellor erred in holding that the transfers were gifts and not loans.
Both parties agree that the personal property was originally a separate asset of the wife. The transfers occurred after marriage, and since the marriage created a confidential relationship between the parties, there can be no presumption of a gift. In the case of Adams v. Saunders, 139 Fla. 730, 191 So. 312, at page 316, our Supreme Court accepted the principle, that:
"* * * Where a confidential relation existed between the donor and the donee at the time of the gift, it is generally considered to be presumptively void, and the burden of proof is on the donee to show the absolute fairness and validity of the gift, and that it is free from the taint of undue influence, * * *."
As a general rule, where a husband receives or acquires the possession of his wife's separate property, the law will presume that the property is held for the wife's benefit, or that a loan exists. See 26 Am. Jur., Husband and Wife, § 97. The burden of proving the contrary therefore lies upon the husband.
In the case of Fritz v. Fernandez, 45 Fla. 318, 34 So. 315, at page 320, the Supreme Court noted:
"* * * courts of equity recognize the right of a married woman to make gifts to the husband when the circumstances show that there has been no fraud, imposition, oppression, or undue influence practiced upon the wife, no advantage taken of her, and the gifts are such as, under the circumstances, are fair and reasonable. * * *"
Similarily, in Warner v. Florida Bank & Trust Co., 5 Cir.1947, 160 F.2d 766, at page 770, the Fifth Circuit construed the Florida law as follows:
"In Florida at the time of the execution of the trust agreement and at the time of the execution of the amendment thereto, a wife could convey by gift her personal property to her husband and through him to others, but the confidential relationship existing between husband and wife placed upon him, and those claiming through him, the burden of showing that she acted wholly voluntarily and with full understanding of the facts."
Thus the husband has the burden of proving that the interest he acquired in his wife's separate property was a gift rather than a loan. From the record in the instant case, we fail to see sufficient evidence to meet this burden.
The only direct testimony in the record regarding the "loan" or "gift" aspect of these transactions is by the parties themselves. However, a neighbor did testify that she overheard an argument in which Mrs. Allen told her husband, in effect, "You already have $25,000 of my money." Furthermore, during the examination of the husband's witness  his employer at the radio station  it was brought out that Mrs. Allen's lawyer, at her request, demanded a thorough investigation of the stock as an investment before advancing the funds. *357 From these witnesses we infer "loan" rather than "gift," and we note that the husband's case is substantially weakened. While an appellate court does not lightly overturn a chancellor's finding of fact, we feel that the circumstances surrounding these transfers necessitate the conclusion that both transactions be considered loans. To uphold the chancellor's contrary conclusion would  we feel  result in a substantial injustice. The burden was clearly upon the husband to prove a gift. His case was weak from the start, and it was made more so by his own witness.
We, therefore, reverse and direct the chancellor to enter a decree in accordance with this opinion.
Reversed.
ALLEN, C.J., SHANNON, J., CARLTON, VASSAR B., Associate Judge, concur.