NININGER v. PEIREZ, et al.
No. C-60-387.
Circuit Court, Broward County.
January 29, 1965.

Warren O. Windle, Fort Lauderdale, for plaintiff.

Burnett Roth, Miami Beach, for defendant Peirez.

William J. George, Pompano Beach, for defendant Kresge.

GEORGE W. TEDDER, Jr., Circuit Judge.

*Final decree*: This cause came on to be heard at the hearing set for November 24, 1964 as specified in the order of October 12, 1964. There was present at the hearing the attorney for the plaintiff and the attorneys for each of the defendants.

The items set forth in the petition for rehearing were duly considered. The defendants' exhibits were offered and received in evidence. At the conclusion of the hearing the attorneys for the plaintiff and defendants announced that they had no further evidence to offer.

By her first amended complaint in this case Gertrude S. Nininger, widow of A. R. Nininger, seeks to have a trust established in certain real estate on which she and her husband made their home, legal title to which had been conveyed and was still vested in the husband at the time of his death, or, in the alternative, a lien on the property for the amount of her contribution to the purchase and improvement of it.

Defendants are two adult daughters of the husband by two previous marriages, who are his only living lineal descendents. Their separate answers deny the material allegations of plaintiff's complaint.

The sole basic issue is a question of fact: who furnished the consideration that paid for the property and the improvements that later were put on it?

Plaintiff has established by clear and convincing evidence that she furnished a substantial portion of the moneys paid for the property. On the 8th of June, 1942 Mr. and Mrs. Nininger simultaneously executed wills, leaving to each other all real and personal property. In 1949 Mr. Nininger changed his will to give Mrs. Nininger but a life estate in the property in question. Mrs. Nininger did not know this until after Mr. Nininger's demise. Plaintiff is the owner of the property in question and the court now so declares.

Pomeroy's Equity Jurisprudence, §981, defines the law on this subject as follows—

". . . in all the transactions of men concerning land,—their transfers and bargains—the consideration is the essential fact that determines the real beneficial ownership, wherever the legal title may be vested. The consideration draws to it the equitable right of property; the person from whom the consideration actually comes, under whatever form or appearance, is the true and beneficial owner.

"This grand principle extends not only to dealings which are intentional and rightful, but to those which are fraudulent, or in any manner wrongful or unconscientious."

This equitable doctrine underlies the decisions of our Supreme Court in an unbroken line of cases. Thus, in the early case of Booth v. Lenox, 45 Fla. 191; 34 So. 566 (1903), it is held that—

"Where the proofs show clearly that a husband, during his lifetime, purchased real estate exclusively with the separate property and money of his wife, but without her knowledge or consent took the title thereto to himself in his own name, a trust results in favor of the wife in and to such property, and upon bill filed by the wife against the heirs-at-law of the husband subsequently to his decease, under the circumstances stated, the property should be decreed to be her separate property."

Again, in the comparatively recent case of Pyle v. Pyle, 53 So.2d 312, 313 (1951)—

". . . It is well settled that where the purchase-money of land is paid by one person, and the title is taken in the name of another, the party taking the title is presumed to hold it in trust for him who pays the purchase price. Frank v. Eeles, 152 Fla. 869, 13 So.2d 216."

A resulting trust always arises in favor of a wife who has furnished the consideration for land, "title to which had been taken in the name of one who was her husband at the time of purchase and when the deal was made." Williams v. Williams, 2 So.2d 725.

There is no evidence that the moneys turned over by plaintiff to her husband were a gift.

"Since marriage creates a confidential relation, the burden is on the husband to show that the transfer of the wife's funds to the husband was a gift." Allen v. Allen (Fla.), 123 So.2d 355.

". . . where, as here, the wife furnishes the consideration, and the husband only contributes his time and efforts in the acquisition and management of the property, which is held in the joint names of the husband and wife, the presumption of a gift by the wife to the husband does not arise. On the other hand, a resulting trust is created in favor of the wife unless the husband is able to prove by clear and convincing evidence that the wife's action, in allowing the property to be placed in their names jointly, was intended to be such as to convey to the husband an interest in the property by way of a gift." Forde v. Forde (Fla.), 10 So.2d 919, 921; concurring opinion by Chief Justice Brown.

Thus, when the original plan was to put the title in the joint names of husband and wife, as plaintiff thought had been done, so that plaintiff would have the property if anything happened to her husband, as the broker testified was the purpose, Tr. 32, the result would be the same today. An estate by the entirety would have been created, and plaintiff would now be holding the title exclusively.

This was the situation in Picchi v. Picchi (Fla.), 100 So.2d 627, where the spouses contracted to acquire property as husband and wife. It was intended that the deed should be issued in their joint names. Instead, title was taken in the husband's name alone. The court held that he took as trustee for the benefit of his wife and himself.

In the case of Murchison v. Fogleman, 165 N.C. 397, 81 S.E. 627, which is cited in Foster v. Thornton, 131 Fla. 277, 179 So. 882, a deed was taken in the name of the husband for land paid for in part by the husband and in part by the wife. The court held that the wife was entitled to a conveyance jointly to herself and husband, and to have the deed reformed, the effect of which would be to create an estate by the entirety.

Nor is the fact that the husband commingled plaintiff's money with his own in his own private checking account, from which the mortgages on the property were paid, helpful to defendants. For plaintiff gave him much more money than the property and the improvements cost. But even if that were not so—

"When a man mixes trust funds with his own money, the whole will be treated as trust propery, except so far as he may be able to distinguish what is his own." Central Nat'l Bank v. Conn. Mut. Life Ins. Co., 104 U.S. 54, 24 L. Ed. 693.

Nor was there laches in the bringing of this suit. Plaintiff did not learn the facts about the title until long after the death of her husband. The husband did know the facts, so did both defendants, during his lifetime. This is disclosed by his letters to defendants, years before his death.

Whether the husband knew it from the beginning, or learned of it in 1949 just prior to writing to his daughters, is immaterial. All three knew that plaintiff did not know the facts. None of them told her the facts. Neither did the husband tell her he was claiming title adversely to her, or that he was treating her payments of money as gifts to him.

"Statutes of limitation do not operate against a resulting trust until the trustee has disclaimed the trust and begins to hold adversely to the beneficial interest." Grable v. Nunez (Fla.), 64 So.2d 154.

Plaintiff was a housewife. Her use and ownership of the home was never challenged or interrupted. She was devoted to her husband and trusted him blindly and implicitly. The only records pertaining to the house which she ever saw had her name on them. She loved her husband and had no reason to distrust him, or investigate the record title to her home.

The duty of full disclosure by those in confidential relations with one another was unfulfilled. No matter how innocent the original acquisition of the title (subject to the mortgage) was, equity will grant relief under such circumstances. Logan v. Arnold, 82 Fla. 237, 89 So. 551; Dale v. Jennings, 90 Fla. 234, 107 So. 175; Campbell v. Owen (Fla.), 132 So.2d 212.

A period of approximately nine years elapsed between the time the defendants knew the facts about the title and the death of their father. Neither has any investment in the property. Neither has changed her position because of any delay. Plaintiff is under no obligations to either of them. By suppressing the truth from plaintiff for nine or more years, neither the husband nor the defendants could create any property rights in themselves, nor estop the plaintiff-wife from recapturing her property rights when the facts are finally communicated to her.

"If this be not true, one man can acquire, for his estate after his death, all the property of another, without the knowledge or consent of such other, and yet do it by due process of law. We say the law is not and ought not to be such as to allow such proceedings or results." Blount v. Blount, 158 Ala. 242, 48 So. 581, 582.

"In the case of a resulting trust, as in the case of an express trust, however, the beneficiary is not barred from enforcing the trust merely by lapse of time. He is barred only if the trustee repudiates the trust to his knowledge and he takes no proceedings against the trustee for so long a time that it is inequitable to permit him to enforce the trust. . . . A resulting trust, however, involves a fiduciary relation between the trustee and the beneficiary, although the relation may not be as intense as in the case of an express trust. A fiduciary is not entitled to rely upon the laches of his beneficiary as a defense, unless he repudiates the relation to the knowledge of the beneficiary." IV Scott on Trusts 2d Ed. 409, citing Walker v. Landress, 111 Fla. 356, 149 So. 545 (1933); and Grable v. Nunez, 64 So.2d 154 (1953).

The Landress case quotes from Anderson v. Northrop, 30 Fla. 612, 12 So. 318, 324, as follows—

"That in cases of continuing trusts that are strictly such, and recognized and enforced in courts of equity only, so long as the relation of trustee and cestui que trust continues to exist, no length of time will bar the cestui que trust of his rights in the subject of the trust as against the trustee, unless circumstances exist to raise a presumption from lapse of time of an extinguishment of the trust, or unless there has been an open denial or repudiation of the trust brought home to the knowledge of the cestui que trust which would require him to act as upon an asserted adverse title."

It is, therefore, ordered, adjudged and decreed that Gertrude S. Nininger is the owner of the following described property, situate, lying and being in Broward County, Florida, to-wit—

Lot 1 of block 1 of *Tarpon River Park*, according to the plat thereof recorded in plat book 15, page 44, of the public records of Broward County, Florida.

The clerk of this court is directed to pay to Gertrude S. Nininger whatever balance is on hand in the registry of the court deposited by the city of Fort Lauderdale in cause no. 60L-706. The costs in this cause will be taxed on application of either party, after notice, within thirty days of this decree.