HAZEL PRESNELL v. DAVID PRESNELL

No. 8120DC1423

(Filed 2 November 1982)

**Reformation of Instruments § 7— rescission and reformation of instrument on theory of fraud — insufficient evidence**

The trial court properly refused to rescind plaintiff's conveyance of a tract of land from herself as grantor to herself and defendant as grantees following a disputed marriage between the parties since plaintiff's action was based on fraud and the findings of fact, which were supported by the evidence, showed that plaintiff was a party to the fraud which led to the "marriage."

APPEAL by plaintiff from *Snow, Judge*. Judgment entered 28 August 1981 in District Court, HAYWOOD County. Heard in the Court of Appeals 14 October 1982.

Plaintiff, Hazel Presnell, brought this action to declare her marriage to defendant, David Presnell, void and to recover an interest in land which she had conveyed to defendant as her putative spouse. The case was tried before the District Court, without a jury. From judgment entered declaring the marriage void but denying plaintiff recovery of the disputed property interest, plaintiff appealed.

*John I. Jay, for plaintiff-appellant.*

*Noland, Holt, Bonfoey & Davis, by Richlyn D. Holt, for defendant-appellee.*

WELLS, Judge.

The sole question we consider is whether the trial court erred in refusing to rescind plaintiff's conveyance of a tract of land from plaintiff as grantor to herself and defendant as grantees following the disputed marriage between plaintiff and defendant.

Plaintiff bases her action for rescission and reformation on a theory of fraud. At trial, plaintiff sought to prove that defendant represented to her that he had a valid divorce from his first wife; that he then knew that the divorce had been obtained by false representation; that he made the representation to plaintiff in order to induce her to marry him and convey to him an interest in land; and that plaintiff did rely on defendant's representation and convey to defendant the interest.

With regard to the alleged fraud, the trial court made the following pertinent findings of fact:

1. That the Plaintiff and Defendant are citizens and residents of Haywood County . . .;

. . .

6. That near the end of the year of 1977, the Plaintiff and the Defendant decided that they would like to get married and the Plaintiff learned from an associate at her place of employment that it might be possible [for defendant] to get a divorce [from his first wife] in Tennessee, even though the Defendant was not a resident of the State of Tennessee and

even though both the Plaintiff and the Defendant knew that the Defendant was not a resident of Tennessee;

7. That near the end of November of 1977, the Plaintiff and the Defendant went to Tennessee for the Defendant to see an attorney . . .;

8. That on or about the 7th day of December, 1977, the Plaintiff and the Defendant returned to Cooke County, Tennessee for the Defendant to sign the necessary papers to commence the divorce proceeding;

. . .

11. That on or about the 9th day of March, 1978, the Plaintiff and Defendant returned to Tennessee for the Defendant to participate in a divorce proceeding;

12. That the Plaintiff was present at the divorce proceeding and in Court at the time that the divorce of the Defendant was obtained and that at the time the divorce was obtained, both parties knew that the Defendant was not a resident of the State of Tennessee;

13. That the divorce was granted in the Court proceeding on the 9th day of March, 1978;

14. That on the 18th day of March, 1978, the Plaintiff and Defendant returned to Cooke County, Tennessee and a wedding ceremony was consummated between the parties;

15. That on or about the 13th day of April, 1978, the Plaintiff deeded to herself and to the Defendant the 1.577 acre tract of land which had been previously deeded to her by her parents and that the Plaintiff and Defendant then held said land jointly;

. . .

The parties stipulated that the Tennessee divorce was void for lack of jurisdiction. The court made the following conclusion based on its findings of fact:

That the Plaintiff was not defrauded, deceived, or tricked into conveying the 1.577 acre tract of land to herself and to the Defendant jointly in that she was aware of the

events leading up to the purported divorce of the Defendant in the State of Tennessee, and in that she was with the Defendant at the time that he obtained the divorce in the State of Tennessee.

The party seeking reformation of an instrument based on fraud must establish his case by clear, cogent and convincing proof. *Isley v. Brown*, 253 N.C. 791, 117 S.E. 2d 821 (1961). Whether the plaintiff has carried his burden is a question of fact. *Insurance Co. v. Lambeth*, 250 N.C. 1, 108 S.E. 2d 36 (1959).

In a nonjury trial, findings of fact made by the court are conclusive on appeal if there is evidence to support them. *Henderson County v. Osteen*, 297 N.C. 113, 254 S.E. 2d 160 (1979); *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). We have carefully reviewed the evidence in the present case and the above findings are clearly supported by the evidence. Both plaintiff and defendant acted together to misrepresent to the Tennessee court that defendant was a resident of Tennessee in order to enable defendant to get a divorce. The evidence shows, without dispute, that plaintiff gave to defendant the name of a Tennessee resident with whom defendant represented he lived in order to establish jurisdiction for the divorce in the Tennessee court.

The trial court properly refused to grant rescission or reformation to plaintiff. Plaintiff's action was based on fraud and the findings of fact show that plaintiff was a party to the fraud which led to the "marriage." Plaintiff has not shown that she reasonably relied on anything that defendant represented in entering into the "marriage." The evidence shows that the conveyance by plaintiff to herself and defendant was made of her own free will, not induced by any fraudulent act or representation by defendant to which plaintiff was not also a party. Reformation is an equitable remedy, and as such it will not be granted to a party with unclean hands. *See Trust Co. v. Gill, State Treasurer*, 286 N.C. 342, 211 S.E. 2d 327 (1975), and authorities cited therein.

Since the parties were never married, the conveyance by plaintiff to herself and defendant created in them a tenancy in common. *Grant v. Toatley*, 244 N.C. 463, 94 S.E. 2d 305 (1956); *Lawrence v. Heavner*, 232 N.C. 557, 61 S.E. 2d 697 (1950).

The judgment below is

Affirmed.

Judges ARNOLD and HILL concur.